479 P.2d 417

**STATE of Arizona, Appellee,**

v.

**Albert HOGUE, Appellant.**

**No. 2136.**

Supreme Court of Arizona,
In Banc.

Jan. 21, 1971.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Dunn & Alston by Gerald W. Alston, Phoenix, for appellant.

UDALL, Justice:

Albert Hogue, hereinafter referred to as the defendant, appeals from the denial of his motion to vacate the judgment and sentence entered by the Superior Court of Maricopa County.

The facts of this case are as follows: On or about the night of October 12, 1967, a small building on the premises of Frontier Motors, a used car establishment located in Phoenix, Arizona, was broken into. A few small items were taken from the building, as well as an indeterminate number of car keys. These keys were then used to drive off with two automobiles: one a light blue, 1957 Ford; the other a white, 1961 Chevrolet.

On October 26, 1967, a criminal complaint was filed charging defendant with the following crimes: Burglary, Count I; Grand Theft, Auto, Count II (with prior conviction). During the preliminary examination, at which time defendant was represented by counsel, testimony was given to the effect that: (1) defendant's left thumb fingerprint was found on the now-abandoned 1957 Ford; (2) defendant was arrested with two companions (Joseph Fields and Floyd Morris), and in their possession were the stolen car keys.

At his arraignment defendant pleaded not guilty, denied the State's allegation of prior conviction, and waived the 60-day period for time of trial. At the request of defendant's court-appointed counsel an independent mental examination was ordered, pursuant to Rule 250, Arizona Rules of Criminal Procedure, 17 A.R.S., to determine defendant's ability to understand the nature of the proceedings against him and to assist in his defense.

On April 15, 1968 the court received the report of the two examining psychiatrists and, in accordance with their report, ruled that defendant was at this time incapable of

assisting in his defense. Defendant was then ordered committed to the Arizona State Hospital until such time as he was able to assist in his defense. On October 14, 1968 the court, having received a report from the Superintendent of the Arizona State Hospital certifying that in the opinion of the examining physician the defendant was now capable of assisting in his defense, set the trial date.

On December 20, 1968 defendant, in the presence of his counsel, withdrew his former plea of not guilty and entered a plea of guilty only to the crime of Grand Theft, Auto, Count II, and admitted his prior conviction in accordance with the plea bargain which defendant allegedly had entered into with the state. The state, thereupon, moved to dismiss Count I of the Information and this motion was taken under advisement by the court. The record reveals that, after interrogation by the court, the court found that defendant had withdrawn his former plea of not guilty and entered his guilty plea "knowingly, voluntarily, and intelligently."

On December 30, 1968 defendant was adjudged "guilty" of the crime of Grand Theft, Auto, a felony, as charged in Count II of the Information. Once again defendant was asked, in the presence of his counsel, whether he had anything to say or any legal cause to show why the court should not now pronounce sentence. Nothing was said and no legal cause shown, so defendant was sentenced to prison for a term of not less than ten nor more than twelve years. At this time the court ordered that the motion of the State of Arizona, to dismiss Count I of the Information, be granted.

On October 20, 1969, ten months after sentencing, defendant filed a Rule 60(c) motion,[1] to vacate judgment and sentence.

This motion was denied. From this denial defendant prosecutes this appeal.

■ On appeal, defendant presents, basically, two arguments:

(I) The trial court had jurisdiction to hear defendant's motion to vacate judgment and sentence in spite of the fact that defendant had already entered upon execution of sentence.

We are in complete agreement with defendant on this point. Traditionally, trial courts have had the inherent power to vacate, modify, or set aside judgments in the term within which they were rendered. Condos v. Superior Court, 29 Ariz. 186, 239 P. 1032 (1925); Sam v. State, 33 Ariz. 421, 265 P. 622 (1928). Today, in Arizona, when we no longer have set terms of court, in the absence of a specific rule or statute, the inherent power of the trial court to vacate, modify, or set aside its own judgments in criminal cases is governed by Rule 60(c), as amended, Rules of Civil Procedure. The application of Rule 60(c) to criminal matters is well-established. State v. Lopez, 96 Ariz. 169, at 172, 393 P.2d 263, at 265 (1964); Campbell v. Thurman, 96 Ariz. 212, at 214, 393 P.2d 906, at 908 (1964).

The only exception to this inherent power of the trial court (under Rule 60(c), as amended) to provide relief from an order or judgment is where an appeal has been perfected. Once the appeal has been perfected the trial court no longer has jurisdiction to rule upon any motion, except one in furtherance of the appeal.

■ We turn now to defendant's second argument:

(II) The trial court should have granted defendant's motion to vacate judgment and sentence since defendant's plea of guilty was involuntary and as such, was void.

---

1. The pertinent parts of Rule 60(c), as amended, Rules of Civil Procedure, 16 A.R.S., read as follows:

"60(c) *Mistake; inadvertence; surprise; excusable neglect; newly discovered evidence; fraud, etc.* On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (4) the judgment is void; * * *."

Leaving aside, for the moment, the question of the "voluntariness" of defendant's plea, this Court has, on numerous occasions, ruled that the grant or denial of a Rule 60(c) motion

" * * * is within the sound discretion of the trial court and its actions will not be disturbed by this court except for a *clear abuse of discretion.*" [Emphasis added]

In Re Estate of Cohen, 105 Ariz. 337 at 340, 464 P.2d 620 at 623 (1970); See also Eldridge v. Jagger, 83 Ariz. 150, 317 P.2d 942 (1957); State v. Horn, 9 Ariz.App. 81, 449 P.2d 317 (1969)."

Here we can find no such abuse of discretion.

■ Defendant's contention that an involuntary plea of guilty is void is supported by case law, both state and federal. In State v. Jennings, 104 Ariz. 3, at 5, 448 P.2d 59, at 61 (1968) this Court stated that "[i]t is well understood that any plea which is involuntary is of course void." Therefore, a judgment based on such involuntary plea would not sustain a conviction and, on motion, would have to be vacated; for it is a trial court's "duty to expunge from the record a judgment which is clearly void." Preston v. Denkins, 94 Ariz. 214, at 224, 382 P.2d 686, at 692 (1963).

Within a similar setting the United States Supreme Court has expanded on the above-mentioned theorems stating the following:

" * * * the nature of a guilty plea. A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be 'an intentional relinquishment or abandonment of a known right or privilege.' Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore *void.*" [Emphasis added]. McCarthy v. United States, 394 U.S. 459, ·at 466, 89 S.Ct. 1166, at 1171, 22 L.Ed.2d 418 (1969).

■ We now approach the determinative issue in this case: Was defendant's withdrawal of his not guilty plea and his entrance of a plea of guilty a voluntary, intelligent act?

Defendant claims that he was involuntarily induced to plead guilty by his own court-appointed counsel; and he now proclaims his innocence. He alleges that his counsel had warned him that if he did not accept the "bargain" offered him by the State[2] and plead guilty to Count II, he might possibly get "three life sentences". Defendant asserts that the fear of these "three life sentences" was what forced him to enter a plea of guilty. He contends that his plea was, for this reason, involuntary and therefore void.

It is true that were defendant convicted of the crimes as charged, as a second-time felony offender, the maximum possible sentence could have been life imprisonment. In light of the record before this Court we find defendant's allegation to be without merit: (1) defendant was represented by counsel at every stage of the proceedings; (2) testimony elicited at the preliminary hearing strongly pointed to defendant's guilt; (3) defendant never complained of counsel's "alleged inducements" in spite of the fact that defendant was presented with at least several occasions on which he might have done so; (4) the minutes of the trial court reveal that defendant's plea was entered into "knowingly, voluntarily, and intelligently", such conclusion having been arrived at only after "interrogation by the Court;" (5) the Rule 60(c) motion was directed to the discretion of the court

2. The State apparently agreed to dismiss Count I, Burglary, if defendant agreed to plead guilty to Count II, Grand Theft, Auto.

and we have found no abuse of that discretion; (6) the fact that defendant wished to minimize his possible sentence is obvious in that the plea bargain struck between defendant and the State is evidenced by the State's motion and the court's grant of the State's motion to dismiss Count I, Burglary. In North Carolina v. Alford, 400 U.S. 25, at 37, 91 S.Ct. 160, at 167, 27 L.Ed.2d 162 (1970), the United States Supreme Court aptly disposed of a situation similar in nature to the case at hand:

"* * * Thus, while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.

"Nor can we perceive any material difference between a plea which refuses to admit commission of the criminal act and a plea containing a protestation of innocence when, as in the instant case, a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt. Here the State had a strong case of first-degree murder against Alford. Whether he realized or disbelieved his guilt, he insisted on his plea *because in his view he had absolutely nothing to gain by a trial and much to gain by pleading. Because of the overwhelming evidence against him, a trial was precisely what neither Alford nor his attorney desired.* Confronted with the choice between a trial for first-degree murder, on the one hand, and a plea of guilty to second-degree murder, on the other, Alford quite reasonably chose the

latter and thereby limited the maximum penalty to a 30-year term. *When his plea is viewed in light of the evidence against him, which substantially negated his claim of innocence and which further provided a means by which the judge could test whether the plea was being intelligently entered, * * * its validity cannot be seriously questioned."* [Emphasis Added]

See also State v. Wheatley, 106 Ariz. 524, 479 P.2d 409 (1971).

The fact that defendant now proclaims his innocence is not convincing in light of the above-stated facts. In accordance with the foregoing, we hereby affirm the decision of the trial court denying appellant's motion to vacate judgment and sentence.

STRUCKMEYER, C. J., HAYS, V. C. J., and LOCKWOOD and CAMERON, JJ., concur.