488 P.2d 968

**The STATE of Arizona, Appellee,**

v.

**Raymond John CAMPBELL, Appellant.**

No. 2248.

Supreme Court of Arizona,
In Banc.

Sept. 24, 1971.

Gary K. Nelson, Atty. Gen. by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Justice.

I. *Nature of the Appeal*

This is an appeal from a judgment of guilt after a plea of guilty to the crime of voluntary manslaughter, § 13–455, § 13–456 subsec. A, par. I, and § 13–457.

Defendant was sentenced to the Arizona State Prison for a term of not less than eight nor more than ten years.

II. *Questions to be Decided*

We are called upon to determine:

1. whether the plea of guilty was voluntarily, intelligently, and knowingly made, and

2. whether the trial court failed to determine the factual basis for the plea as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

III. *Essential Facts* .

The facts necessary for a determination of the matter on appeal are as follows. An information was filed on 11 September 1970 charging defendant with murder, second degree, in violation of § 13–451, § 13–452, and § 13–453 A.R.S. On 17 September 1970, the defendant at arraignment pleaded not guilty. Defendant had been granted a preliminary hearing in the West Phoenix Justice Court of Maricopa County at which time he was represented by counsel.

Trial by jury was set for 22 October 1970. On 28 October 1970, the State amended the information to voluntary manslaughter, and the defendant pleaded guilty. After sentence, the defendant indicated his desire to appeal and counsel was appointed to represent him on appeal.

IV. *Determination of the Questions*

1. WAS THE PLEA OF GUILTY VOLUNTARILY, INTELLIGENTLY, AND KNOWINGLY MADE?

In the case of State v. Laurino, 106 Ariz. 586, 480 P.2d 342 (1971) we construed the case of Boykin v. Alabama, supra, to, in effect, extend the procedural requirements of Rule 11 of the Federal Rules of Criminal Procedure to the state courts. Federal Rule 11 reads as follows:

"Rule 11. Pleas

"A. A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such a plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea. As amended Feb. 28, 1966, eff. July 1, 1966."

The defendant changed his plea from not guilty to guilty. The change of plea from not guilty to guilty was as a result of plea bargaining. Before accepting the plea of guilty the court questioned the defendant extensively, a portion of which is as follows:

"MR. PEARLSTEIN: Your Honor, the defendant has indicated to me that he desires to plea(d) guilty to the amended information.

"THE COURT: Have the defendant come forward. You are John Raymond Campbell?

"THE DEFENDANT: I am, sir.

\* \* \* \* \* \*

"THE COURT: You have a copy of the amended information?

\* \* \* \* \* \*

"THE COURT: How do you plead to the charge in the amended information?

"THE DEFENDANT: Guilty, Your Honor.

\* \* \* \* \* \*

"THE COURT: You understand that by the amended information filed in this case that you are accused of the crime of voluntary manslaughter, a felony?

"THE DEFENDANT: Yes, sir.

"THE COURT: That in particular that on or about July 28, 1970, in the County of Maricopa, State of Arizona, that you did then and there unlawfully kill Ladislado Anaya in violation of the Arizona Revised Statutes?

"THE DEFENDANT: I do.

"THE COURT: You fully understand the crime that you are charged with?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you desire to enter a plea of guilty to the crime of voluntary manslaughter, a felony, as charged in the amended information?

"THE DEFENDANT: I do, Your Honor.

"THE COURT: Have you discussed with your attorney as to what may happen as a result of your plea of guilty to this crime?

"THE DEFENDANT: I have.

"THE COURT: Do you understand that you are plea(d)ing guilty to the crime of voluntary manslaughter, a felony?

"THE DEFENDANT: I do, Your Honor.

"THE COURT: Do you further understand that on your plea of guilty that the Court could punish you by imprisonment in the State Prison for not to exceed ten years?

"THE DEFENDANT: I do, Your Honor.

"THE COURT: Do you further understand that by your plea of guilty that you are waiving certain Constitutional

rights that are guaranteed to you, the first being the privilege against compulsory self-incrimination?

"THE DEFENDANT: I do, Your Honor.

"THE COURT: Do you understand what the Court means by that?

"THE DEFENDANT: Yes, sir.

"THE COURT: You understand that by entering a plea of guilty to this crime that you are admitting that you committed the crime charged?

"THE DEFENDANT: Yes, sir."

After further extensive questioning concerning the plea the court concluded:

"THE COURT: Do you have any questions that you wish to ask the Court, the Deputy County Attorney, or your own attorney before the Court accepts or rejects your plea?

"THE DEFENDANT: Not at the present time, Your Honor.

"THE COURT: Do you fully understand the crime charged against you?

"THE DEFENDANT: Yes, sir.

"THE COURT: And the Constitutional rights that you are waiving by entering a plea of guilty to that crime?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: And the consequences of entering a plea of guilty to the crime charged?

·"THE DEFENDANT: I do, sir.

"THE COURT: Mr. Pearlstein, I assume you fully discussed this with the defendant?

"THE DEFENDANT: Yes.

"MR. PEARLSTEIN: Yes, I have.

"THE COURT: Do you feel that he fully understands the consequences of entering a plea of guilty?

"MR. PEARLSTEIN: I feel he fully understands his acts and the consequences of the plea.

"THE COURT: The Court finds that the defendant's request to enter a plea of guilty to the crime of voluntary manslaughter, a felony, as charged in the amended information, is made knowingly, voluntarily, and intelligently. Therefore the plea of the defendant of guilty of the crime of voluntary manslaughter, a felony as charged in the amended information is accepted and entered of record."

The matter was continued until a probation report was made, at which time the defendant was sentenced.

■ In considering whether a plea of guilty is properly made under the Boykin mandate, the record must show that it was voluntarily and intelligently made with an understanding of the nature of the charges and the consequences of the plea. State v. McCallister, 107 Ariz. 143, 483 P.2d 558 (1971). We do not require the court to go further. State v. Reynolds, 106 Ariz. 47, 470 P.2d 454 (1970); State v. Laurino, supra. The Arizona Court of Appeals in dealing with the mandate of Boykin v. Alabama, supra, has stated:

"* * * We read Boykin to mean that when accepting a plea of guilty, a trial court must make a record of inquiry as to the intelligence of the plea. There is no requirement that, in addition, he make a specific finding of voluntariness other than that implied by ultimately taking the plea. In the instant case, the record is clear that defendant was making an intelligent waiver." State v. Miller, 11 Ariz.App. 457, 458, 465 P.2d 594, 595 (1970).

■ A review of the record before this court affirmatively shows that the guilty plea of the defendant, made as a result of the plea bargaining, and while represented by counsel, was made with full knowledge of the facts and consequences thereof, and was properly accepted by the trial court as being voluntarily, intelligently, and knowingly made. Boykin v. Alabama, supra.

2. DID THE COURT MAKE A PROPER DETERMINATION OF THE FACTS TO SUPPORT THE PLEA?

Defendant contends that the trial court did not make a proper determination of the factual basis for the plea of guilty. We cannot agree. The judge questioned the defendant as to the facts of the crime, specifically asking the defendant whether "on or about July 28, 1970, in the County of Maricopa, State of Arizona, that [he] then and there unlawfully kill Ladislado Anaya * * *" to which the defendant answered he did.

 What is required to show that the trial court has a satisfactory factual basis upon which to accept a plea of guilty will differ from case to case depending in large part upon the demeanor of the defendant at the time the plea is entered. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). A reading of the reporter's transcript in this case indicates that the defendant was clear, concise, and direct in his answers and admission of guilt. There was nothing before the trial court to indicate that the defendant did not in fact kill the victim as he in fact affirmatively admitted that he did. Neither, it is noted, does the defendant on appeal deny that he killed the victim. We believe that there was a factual basis for the acceptance of the plea.

## V. Conclusion

We have reviewed the entire record as required by § 13-1715 A.R.S., State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964), and as required by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in cases wherein the attorney is unable to find error. We have found no fundamental error.

Judgment affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and LOCKWOOD, JJ., concur.