491 P.2d 465

**The STATE of Arizona, Appellee,**
**v.**
**Gene WILLIKER, Appellant.**
**No. 2156.**

Supreme Court of Arizona,
In Banc.
Dec. 7, 1971.

Gary K. Nelson, Atty. Gen. by William P. Dixon, Asst. Atty. Gen., Supervising Atty., Phoenix, Ramon V. Gomez, Third Year Law Student, College of Law, Arizona State University, Tempe, of counsel, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Justice.

This is an appeal from a judgment of guilt entered after defendant pleaded guilty to a charge of rape.

We are called upon to determine:

1. Whether the plea of guilty conformed to the mandate of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

2. Whether judgment of guilt to the crime of rape is proper when neither the information nor the judgment indicates the degree of the offense.

3. Whether there was an adequate factual basis for the plea.

The facts necessary for a determination of this matter on appeal are as follows. On 5 December 1969, an information was filed in the Superior Court of Maricopa County charging the defendant with one count of kidnapping in violation of § 13–491 A.R.S. and one count of rape in violation of § 13–611 A.R.S. Defendant was arraigned on these charges on 10 December 1969, and he pleaded not guilty to each count. As a result of "plea bargaining", the defendant came before the court on 2 February 1970 for a change of plea. It was understood that defendant would plead guilty to the rape charge, and the kidnapping charge would be dropped. At this time the following transpired:

"MR. RITCHIE: [Attorney for Appellant] Mr. Williker, you have told me that you do desire to plead guilty at this time as to Count II charging you with the crime of Rape. You understand that if you plead guilty or any person for that matter pleads guilty to a crime that they are giving up their right to have their guilt or innocence determined at a Jury trial?

"THE DEFENDANT: Yes.

"MR. RITCHIE: You understand that?

"THE DEFENDANT: Yes, sir.

"MR. RITCHIE: I have explained these things to you?

"THE DEFENDANT: Right.

"MR. RITCHIE: And you also understand that at a Jury trial you would have the right to be represented by a lawyer?

"THE DEFENDANT: Yes, sir.

"MR. RITCHIE: Who would cross examine the witnesses against you and present testimony in your behalf?

"THE DEFENDANT: Yes, sir.

"MR. RITCHIE: And you also understand that you wouldn't have to testify at a Jury trial?

"THE DEFENDANT: Yes, sir.

"MR. RITCHIE: Do you understand also that before a Jury could either

acquit or convict you of the charges that you are accused of that all 12 of them would have to agree?

"THE DEFENDANT: Yes, sir.

"MR. RITCHIE: Now, Mr. Williker, has anybody put any force on you, duress, coercion in order to seek now the Judge's permission to plead guilty to Count II?

"THE DEFENDANT: No, sir.

"MR. RITCHIE: Has anybody promised you leniency, meaning specifically, has anybody promised you probation if you plead guilty?

"THE DEFENDANT: No, sir.

\*    \*    \*    \*    \*    \*

"MR. RITCHIE: Do you understand that Count II could carry up to life imprisonment?

"THE DEFENDANT: Yes, sir.

"MR. RITCHIE: The Rape Charge. All right. Now you are charged with on or about the 30th day of October, 1969, of raping one Grace Zaragoza. Would you briefly tell the Court the circumstances surrounding that charge?

"THE DEFENDANT: Well we were at a party and started drinking pretty heavy and I just forced her into it.

\*    \*    \*    \*    \*    \*

"THE COURT: All right, to this charge of Rape as against one Grace Zaragoza charged to have been committed on or about the 30th day of October 1969, how do you plead, guilty or not guilty?

"THE DEFENDANT: Guilty, Your Honor.

"THE COURT: And in telling me about this, it was a matter of force being used against the woman?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. The record will show that the defendant withdraws his plea of not guilty previously entered herein and enters a plea of guilty to the charge of Rape as charged in Count II of the Information."

On 24 March 1970, defendant was sentenced to serve not less than ten nor more than 15 years in prison. The kidnapping charge was dropped. On 23 April 1970, the defendant filed his notice of appeal to this court.

## WAS THE PLEA PROPER?

Defendant contends that, in light of Boykin v. Alabama, supra, his plea of guilty to the rape charge was improperly taken, in that the judge did not personally conduct the interrogation wherein defendant was asked whether he understood which constitutional rights he was waiving in pleading guilty.

The United States Supreme Court in Boykin v. Alabama, supra, stated:

"\* \* \* It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary. That error, under Alabama procedure, was properly before the court below and considered explicitly by a majority of the justices and is properly before us on review." 395 U.S. at 242, 89 S.Ct. at 1711.

The court also cited in a footnote Rule 11 of the Federal Rules of Criminal Procedure as an acceptable standard. Boykin, supra, n. 5 at 243, 89 S.Ct. 1709. Federal Rule 11 reads as follows:

"Rule 11. Pleas. A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere *without first addressing the defendant personally* and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea. As

amended Feb. 28, 1966, eff. July 1, 1966."
(Emphasis added)

There is a question whether Boykin v. Alabama, supra, mandates the State courts to strictly follow the letter of Federal Rule 11 in determining whether a guilty plea is voluntarily, intelligently, and knowingly made. This court may have added to the confusion in Arizona by stating, "[w]e observe that Federal Rule 11 relates to procedures in the federal courts. * * * We are reluctant to impose upon Arizona the [Rule 11] requirement raised by the defendant." State v. Hooper, 107 Ariz. 327, 487 P.2d 394, 396 (1971). See also State v. Gilbreath, 107 Ariz. 323, 487 P.2d 390 (1971). And also stating that, "[t]his case [Boykin], in effect, extended the procedural requirements of Rule 11 * * * to the state courts." State v. Laurino, 106 Ariz. 586, 588, 480 P.2d 342, 344 (1971). See also State v. Campbell, 107 Ariz. 348, 488 P.2d 968 (1971) and State v. Sullivan, 107 Ariz. 98, 482 P.2d 861 (1971).

■ It is, of course, clear from Boykin, supra, that if the plea of guilty satisfies Federal Rule 11 then the requirements of Boykin, supra, have also been met. This does not mean, however, that the State courts are required to follow the letter of Federal Rule 11. It is adherence to the spirit of Federal Rule 11 and not necessarily the literal observance of its provisions that is required by the mandate of Boykin v. Alabama, supra.

■ In the instant case, the defendant would have us strictly adhere to the letter of Rule 11 of the Federal Rules of Criminal Procedure and require that the judge personally conduct the interrogation of the defendant to determine whether the defendant understands each of the constitutional rights he is waiving by pleading guilty. We do not agree. The requirement in Rule 11 that the judge address the defendant personally to determine whether the plea is voluntary cannot be construed to require the judge to personally conduct the entire examination of defendant without the aid of counsel. All that is required is that the court address the defendant personally to determine if the plea is voluntarily and understandingly made.

■ In this case, the defendant's attorney conducted an examination of defendant as to the rights he was waiving and as to whether any force or coercion was placed on him. The judge then addressed the defendant personally before taking the plea and also before sentencing. We hold that the record shows a knowing, intelligent, and voluntary plea.

## WAS THE PLEA TO RAPE PROPER?

■ Defendant contends further that he was not advised as to the nature of the charge. He contends that, since he was charged with rape without any designation as to whether it was first or second degree rape, the plea is defective. Again we disagree.

This question was determined by this court in the case of State v. Lewis, 107 Ariz. 163, 483 P.2d 1402 (1971), wherein a majority of this court held that any error in a rape prosecution in not determining the degree prior to sentencing was harmless where the sentence was within the range and limits of both degrees of rape. In the instant case, the facts as brought out at the hearing on the plea and sentencing indicate both first and second degree rape and rape committed with a knife. Although this writer does not retreat from his dissent in Lewis, supra, a proper respect for the theory of stare decisis indicates that the majority in State v. Lewis, supra, should be followed unless overruled.

## WAS THERE A FACTUAL DETERMINATION?

■ Finally, the defendant contends that the plea was improperly taken because no factual basis was established for the plea,

in that the court never determined that there was penetration—a necessary element for rape. This court has held that it is not necessary that the trial court ascertain for the record the factual basis for the plea at the time the plea is entered, but may satisfy itself later, from other sources such as a pre-sentence report, that there is a factual basis for the plea of guilty. In other words, the trial court may at anytime up to sentencing satisfy itself as to the factual basis for the plea of guilty. Of course, if it is apparent by the time of sentencing, usually after the court has had the benefit of a pre-sentence report, that there is no factual basis for the plea, the defendant should be allowed to re-plead:

> "* * * In Arizona, the established practice is for the trial court to withhold sentence until an opportunity has been had for the court's probation officer to prepare a pre-sentence report disclosing the facts surrounding the commission of the offense both in mitigation and aggravation. At this point a defendant would be permitted to withdraw his plea of guilty if the report indicated he was not guilty of the substantive offense with which he was charged." State v. Hooper, 107 Ariz. 327, 487 P.2d 394, 396 (1971).

Furthermore, we believe the record indicates that the trial court was sufficiently informed as to the factual basis of the plea both at the time of the plea and at the hearing before sentence was imposed:

> "The court was not required to go further, as defendant implies, and make an explicit finding of fact. The record speaks for itself." State v. Reynolds, 106 Ariz. 47, 50, 470 P.2d 454, 457 (1970). See also State v. McCallister, 107 Ariz. 143, 483 P.2d 558 (1971).

Judgment affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and LOCKWOOD, JJ., concur.