498 P.2d 149

**STATE of Arizona, Appellee,**
**v.**
**Arlie Frank DURHAM, Appellant.**
**No. 2140.**

Supreme Court of Arizona,
In Banc.
June 14, 1972.

Gary K. Nelson, Atty. Gen. by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Allen L. Feinstein, Phoenix, for appellant.

## STRUCKMEYER, Justice.

This appeal is from a plea of guilty to a charge of second-degree murder and the sentence thereon.

During the early morning hours of March 8, 1969, a fight broke out between members of rival motorcycle clubs in a tavern parking lot. In the course of the altercation, the defendant-appellant, Arlie Frank "Franko" Durham, a candidate for membership in one of the motorcycle clubs, stabbed a member of another club, Peter Henry "Bear" Smith. Smith was hospitalized and released, and then was re-admitted on March 16, 1969. He died some six weeks after the stabbing of an infection which was believed to have resulted from his stab wound.

Appellant was charged with murder by information filed July 1, 1969. On October 9, 1969, the county attorney filed an amended information charging appellant with murder in the second degree for the purpose of entering a guilty plea. Appellant then requested leave of the Superior Court to withdraw his original plea of not guilty and to enter a plea of guilty to the amended information.

At the hearing at which this request was made, appellant indicated that he had had the opportunity to look at the amended information. His counsel stated that he had explained to the appellant the ramifications of a guilty plea, that the appellant could be incarcerated in the state prison for not less than ten years nor more than life, and that no promises or threats had been made in order to obtain a guilty plea. The appellant confirmed these statements. The court told appellant the substance of the charge in the amended information and invited questions from him. In response to a series of questions by the court, appellant indicated that he understood the charge in the amended information; that no one had made any promises of leniency, or probation or any other type of promise to him, nor made any threats in order to obtain a plea of guilty; that he had completed his high school education; that he was a land surveyor by trade; that he understood and specifically wished to waive his rights to the privilege against self-incrimination, to trial by jury with proof beyond a reasonable doubt, and to confrontation; and that he entered his guilty plea of his own free will.

With regard to the factual basis of the charge against the appellant, the following exchange occurred:

"THE COURT: Is the only reason you wish to plead guilty to the charge of Murder Second Degree, is that you did commit the murder as charged?

THE DEFENDANT: Yes, sir."

The county attorney and defense counsel indicated that they could suggest no further questions for the court to ask and the court thereupon found:

"that the defendant's request to withdraw his former plea of not guilty to the original Information, and to enter a plea of guilty to the Amended Information for Murder, Second Degree, is made knowingly, voluntarily and intelligently; and the Court will accept the plea, and it may be entered."

More than a month after entering this guilty plea, appellant wrote a sworn, notarized letter to the Superior Court in which he moved to withdraw his plea, claiming that the president of appellant's motorcycle club, who had testified against appellant at

the preliminary hearing, had inflicted a severe knife wound upon the victim, that the wound which appellant had inflicted was only a minor wound, and that appellant had previously withheld this information in order to protect the club president. A hearing was set on appellant's motion, but at the hearing on December 1, 1969 the court was advised that the appellant did not wish to withdraw his guilty plea. He was then sentenced to a term in the state prison of not less than twenty-five nor more than thirty years, with credit given for the time spent in jail. This appeal followed.

Appellant asserts two claims for relief: (1) that the Superior Court's judgment should be reversed because the court did not make an affirmative showing on the record that it was satisfied there was a factual basis for the plea; (2) that the case should be remanded to the Superior Court for the purpose of making a motion for leave to withdraw his guilty plea, at which time a factual record can be made.

Although this court has on occasion said in dicta that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) extended the procedural requirements of Rule 11 of the Federal Rules of Criminal Procedure to the state courts, *see* State v. Campbell, 107 Ariz. 348, 349, 488 P.2d 968, 969 (1971); State v. Laurino, 106 Ariz. 586, 588, 480 P.2d 342, 344 (1971); State v. Griswold, 105 Ariz. 1, 2, 457 P.2d 331, 332 (1969), we recently had occasion to explain that:

"It is, of course, clear from Boykin, supra, that if the plea of guilty satisfies Federal Rule 11 then the requirements of Boykin, supra, have also been met. This does not mean, however, that the State courts are required to follow the letter

of Federal Rule 11. It is adherence to the spirit of Federal Rule 11 and not necessarily the literal observance of its provisions that is required by the mandate of Boykin v. Alabama, supra." State v. Williker, 107 Ariz. 611, 614, 491 P.2d 465, 468 (1971).

In Williker, 107 Ariz. at 615, 491 P.2d at 469, we held that while the trial court must satisfy itself that there is a factual basis for the plea of guilty, this may be done at any time up to sentencing and from sources other than the defendant, himself.[1] We also held that the record need only indicate that the trial court was sufficiently informed as to the factual basis of the plea, and an explicit finding of fact need not be made, 107 Ariz. at 615, 491 P.2d at 469.

The record should also provide the court with facts sufficient to avoid the possibility of acceptance of a plea from a legally innocent defendant who pleaded guilty out of ignorance, deception, delusion, feelings of moral guilt, or self-destructive inclinations. Simply calling upon a defendant to acknowledge whether he committed the crime as charged may not be sufficient without more, depending upon the circumstances of the case. Thus, the trial court's question here, asking the defendant whether he was pleading guilty only because he did commit the murder as charged, is arguably questionable.

However, the record in this regard need not be as complete or in such detail as is necessary to support the surrender of the constitutional rights of confrontation, a jury trial, and the privilege against self-incrimination. There may even be, for example, instances where public policy would favor acceptance of a guilty plea to a lesser offense although the facts more nearly

[1]. "[W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 171 (1970).

correspond to the greater and not the lesser offense.

■ Since the trial court's questions, taken alone, do not disclose with certainty the factual basis for acceptance of a guilty plea, we look to other matters which were of record before the trial court prior to sentencing. First, on December 1, 1969, at the time of sentencing, the appellant's counsel made a statement in mitigation and at its conclusion, the appellant told the court: "I felt I was justified in doing what I did, and I regret the fact that he did die, and I had no intention of killing him." This statement by the defendant can hardly be construed as less than an admission that he inflicted the knife wound from which the deceased died.

The record also includes the reporter's transcript of the preliminary hearing held on June 3, 1969. This transcript was filed with the trial court on August 7, 1969, prior to entry of appellant's guilty plea and prior to sentencing. At appellant's preliminary hearing, the county medical examiner testified that, based upon his autopsy of the victim, the victim's death was directly related to and resulted primarily from a stab wound in the abdomen. The president of appellant's motorcycle club, himself a participant in the fight, recalled that after the fight he had seen the victim lying face down on the sidewalk in a pool of blood with his hands tucked under his stomach, and had noticed that appellant had a deep knife cut on one of his fingers. The president testified that after the fight appellant said that he had cut his own finger in a fight while trying to stop the victim from jumping on the president from behind, and that he had stabbed the victim with his knife. According to the president:

"[The appellant] said he swung at him [the victim], and he didn't hit the first time, and then he swung at him, and hit his letters. Then he cut himself a little bit, and then he pulled him to him and cut him."

In addition, an eyewitness, a member of a third motorcycle club, testified that he saw the appellant and the victim arguing, saw the victim clasp his hands as if preparatory to a fist fight, and saw the appellant hide a knife between his legs and then stab the victim in the abdomen.

Even if the sentencing judge did not examine the transcript of the preliminary hearing, the error complained of was not prejudicial since it provides a solid factual basis in support of the guilty plea. See State v. Hogue, 106 Ariz. 532, 533 and 535, 479 P.2d 417, 418 and 420 (1971); State v. Sullivan, 107 Ariz. 98, 99, 482 P.2d 861, 862 (1971).

■ We also reject appellant's request for a remand to determine whether his plea of guilty should be set aside. He argues that a remand is necessary in order to supplement the record; however, we find it adequate to sustain the acceptance of his guilty plea. Seemingly, appellant has abandoned his earlier claim that the president of his motorcycle club inflicted the fatal wound. By affidavit, he now claims that he stabbed the victim only after the victim started to pull a gun from beneath his jacket.

As to appellant's present position, the two witnesses to the fight who testified at the preliminary hearing both denied seeing the victim carry a gun, and we note that appellant has not heretofore asserted this self-defense claim although presented with ample opportunities to do so at the times he pleaded guilty, moved to withdraw his guilty plea, and was sentenced. See, State v. Hogue, 106 Ariz. 532, 535, 479 P.2d 417, 420 (1971). Courts are not inclined on appeal to view with solicitous approval the peregrinations of an appellant seeking reversal who after sentence is obviously dissatisfied with the result of his plea bargain, State v. Howard, 106 Ariz. 403, 405, 476 P.2d 858, 860 (1970).

In accordance with the foregoing, we affirm the judgment of the trial court.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.