501 P.2d 375

The STATE of Arizona, Appellee,

v.

Doyle Wayne JAMESON, Appellant.

No. 2276.

Supreme Court of Arizona.
In Banc.

Sept. 28, 1972.

Gary K. Nelson, Atty. Gen. by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a judgment of guilt after a guilty plea to the crime of assault with a deadly weapon, § 13–249 A.R.S., and a sentence of not less than 7 nor more than 10 years.

We are called upon to determine whether the plea of the defendant was entered knowingly, intelligently, and with full knowledge of the rights he was waiving by such plea.

The facts necessary for a determination of the matter on appeal are as follows. The defendant was charged in a single information with the crimes of robbery, Count I, and assault with a deadly weapon committed with a gun, Count II. On 16 December 1970, the defendant appeared with counsel before the Superior Court and after the words "to wit, a gun" were deleted from the assault with a deadly weapon charge and Count I was dismissed, the defendant entered his plea of guilty to the charge of assault with a deadly weapon. The reporter's transcript of the plea indicates that the court determined the factual basis for such plea and that the defendant was informed of the maximum possible punishment that he could receive. It is

also apparent from the transcript that the defendant's plea was voluntarily made. The interrogation of the defendant revealed that he had just been released from prison after serving a term of approximately two years at the time he committed the crime in question. It is also clear from the record that the trial court failed to inform the defendant of the numerous rights he was waiving as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which was decided prior to the plea in this case and is applicable thereto. See State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969). The court questioned the defendant as follows:

"Q (By the Court) Have you discussed this possible sentence with Mr. Skelton?

"A (By Mr. Jameson) Yes, ma'am.

"Q And, do you realize that if I accept your plea of guilty, you submit yourself to the Statute, which makes a possible maximum sentence of ten years in the State Prison?

"A Yes, ma'am.

"Q Are there any questions that you want to ask me about this proceeding, or anything that concerns you about entry of your plea of guilty?

"A No, ma'am.

"Q Are you currently taking any medication at all?

"A No.

"THE COURT: Are there other questions that counsel would wish me to ask at this time before I again ask the defendant how he wishes to plead?

"MR. SKELTON: None, for the defendant, your Honor.

"MR. LEWTER: None, your Honor.

"THE COURT: Mr. Jameson, you have been charged, in an amended information, count two, with Assault with a Deadly Weapon, a felony. In view of the questions I have just asked, how do you wish to plead, guilty or not guilty?

"MR. JAMESON: Guilty."

Although we have declined to follow a strict interpretation of Boykin, supra, particularly where the defendant is represented by attorney at the time, State v. McCallister, 107 Ariz. 143, 483 P.2d 558 (1971), State v. Wheatley, 106 Ariz. 524, 479 P.2d 409 (1971), State v. Williker, 107 Ariz. 611, 491 P.2d 465 (1971), and State v. Laurino, 106 Ariz. 586, 480 P.2d 342 (1971), still the record must show that the defendant knowingly waived certain basic fundamental rights as set forth in Boykin v. Alabama, supra.

In the instant case, for example, the record does not affirmatively show that the defendant knew that by entering a plea of guilty he was waiving, among other things, the right to trial by jury, Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), the right to confront one's accusers, Pionter v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), and the right to counsel at state expense, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

Although we are convinced from the record that the plea was voluntary with full knowledge of the consequences, since the record does not show affirmatively a knowledge by the defendant of the rights he waived by entering his plea, the matter will have to be returned to the Superior Court of Maricopa County with directions that an evidentiary hearing be held to determine whether defendant knew of the rights he was waiving when he entered his plea of guilty.

If the trial court finds that the defendant was adequately informed as to the rights he was waiving, then the trial court will advise this court by appropriate findings of fact, in which event, if the findings are supported by the evidence, the judgment of conviction will be affirmed. If the trial court finds that the defendant did not know the rights he was waiving, it is directed to set aside the plea of guilty, reinstate the original information, and expeditiously proceed to trial on the original charges. State v. Hooper, 107 Ariz. 327, 487 P.2d 394 (1971).

So ordered.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.