502 P.2d 173

**STATE of Arizona, Appellee,**

v.

**Thomas Mike WEBER, Appellant.**

**No. I CA–CR 437.**

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 26, 1972.

Rehearing Denied Nov. 29, 1972.

Gary K. Nelson, Atty. Gen., by William P. Dixon and Ronald M. Crismon, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

DONOFRIO, Judge.

This is an appeal from a judgment of guilt and a sentence thereon of four to five years entered on defendant's plea of guilty to the crime of burglary, second degree, before the Superior Court of Maricopa County.

Defendant urges that under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the plea is invalid in that the trial court did not advise defendant of the elements of burglary, second degree, and ascertain the factual basis of the plea of guilty before accepting the plea.

Defendant was charged by a complaint filed in the East Phoenix Precinct Justice Court No. 2 with the crime of burglary, first degree. He was held to answer on this charge after a preliminary hearing at which the owner of the burglarized apart-

ment testified that he discovered the apartment window broken and many items missing, including a TV set. The owner identified a TV set marked as an exhibit as being the TV set taken from the apartment. A neighbor who heard the glass break also testified that through her back door she observed what was taking place that night. She identified defendant as being the person she saw carrying out something looking like a suitcase or TV set and putting it in a car and driving off.

After the information was filed in the Superior Court defendant entered a plea of not guilty. Later he withdrew his plea and entered a plea of guilty to an amended charge of burglary, second degree. The information was amended to read "second" instead of "first" degree burglary and that the crime was committed in the "daytime" instead of the "nighttime".

At the time defendant entered his plea of guilty the trial court examined him and ascertained that he was 28 years old, had three years of high school, and that he was an upholsterer by trade. The court advised defendant that he could be imprisoned for up to five years on the charge. He was advised of his constitutional right to remain silent and not to testify against himself, and of his right to a trial by jury and to confront his accusers. The court described the offense to defendant in the language of the information and asked if he understood it, to which he answered in the affirmative.

Defendant does not question the fact that the record affirmatively shows that he was adequately informed of the constitutional rights he was waiving by entering his plea of guilty to the charge. Nor does he question the fact that the plea was voluntarily entered by him with full knowledge of the consequences. His objection cen-

ters more around whether the record affirmatively shows that the plea was made by him with an understanding of the nature of the charge, and whether the record establishes a sufficient factual basis for the plea. In this respect we believe the issues herein are like those raised in State v. Campbell, 107 Ariz. 348, 488 P.2d 968 (1971); State v. Williker, 107 Ariz. 611, 491 P.2d 465 (1971), and more recently in State v. Durham, 108 Ariz. 327, 498 P.2d 149 (1972), and that these cases furnish the answers to our questions. In Durham our Supreme Court said:·

> "In Williker, 107 Ariz at 615, 491 P.2d at 469, we held that while the trial court must satisfy itself that there is a factual basis for the plea of guilty, this may be done at any time up to sentencing and from sources other than the defendant, himself.[1] We also held that the record need only indicate that the trial court was sufficiently informed as to the factual basis of the plea, and an explicit finding of fact need not be made, 107 Ariz. at 615, 491 P.2d at 469.

> "The record should also provide the court with facts sufficient to avoid the possibility of acceptance of a plea from a legally innocent defendant who pleaded guilty out of ignorance, deception, delusion, feelings of moral guilt, or self-destructive inclinations. Simply calling upon a defendant to acknowledge whether he committed the crime as charged may not be sufficient without more, depending upon the circumstances of the case. . . ." 498 P.2d at 151.

We quote the following portion of the transcript at the change of plea in the instant case:

> "Q You understand that by the Information filed in this case as amend-

---

1. [from Durham] "[W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 171 (1970).

ed, that you are charged with the crime of burglary, second degree, a felony?

"A   Yes, your Honor.

"Q   And the specific charge is that on or about April 17, 1971, in the County of Maricopa, State of Arizona, that you committed burglary in the day time of an apartment located at 2242 East Pinchot, No. 18, in the City of Phoenix, County of Maricopa, State of Arizona, in violation of the Arizona Revised Statutes.

"A   Yes, sir.

"Q   You full [sic] understand the charge against you?

"A   Yes, your Honor.

"Q   Do you desire to enter a plea of guilty to the crime of burglary, second degree, a felony, as charged in the Information as amended?

"A   Yes, your Honor."

Pertinent also is the following at the time of sentencing:

"Q   On September 2, 1971, you entered a plea of guilty to the crime of burglary, second degree, a felony, as charged in the Information; is that correct?

"A   Yes, sir.

"Q   *Since that date you have had the opportunity to consider the matter of your plea of guilty and discuss it with your counsel.* [emphasis supplied]   Do you wish your plea of guilty to stand?

"A   Yes, your Honor.

"THE COURT: On the basis of the record made at the time the defendant entered his plea of guilty, and the report of the probation officer, the Court is satisfied that there is a factual basis for the plea of guilty of the defendant. . . ."

■ In Williker the Supreme Court stated that the court must satisfy itself, not the defendant, that there is a factual basis for the plea of guilty, and that this may be done at any time up to the sentencing and from sources other than the defendant himself.

■ After our reading of the preliminary hearing, the change of plea hearing, the sentence hearing and the statement of facts on conviction signed by the trial judge, there is no doubt in our minds that the court was sufficiently informed as to the factual basis of the plea as required by the authorities hereinabove cited.

At oral argument of this appeal defendant cited the recent Arizona Supreme Court case of State v. Jameson, Ariz., 501 P.2d 375 (filed Sept. 28, 1972), as indicating a direction by the Supreme Court that the trial court should explain all of the legal elements involved in the crime under consideration at the time of plea and should be satisfied that the defendant fully understands all of these elements, which would also include defendant's understanding of all of the terms which might be used in setting forth the elements.

■ In other words, defendant contends that the court should have specifically explained to him the legal meaning of burglary of the second degree, and if necessary, it should have defined such words as "entry", "burglary", "theft", "felony", "daytime", "nighttime" and possibly others in order to make sure that the defendant knows that there is a factual basis for the offense to which he is pleading guilty. It is our opinion that a reading of Jameson does not bear out such a conclusion. In Campbell, involving a plea to a lesser charge while represented by counsel, authored by Justice Cameron, the same Justice who authored Jameson, nothing was said to the effect that the trial court should, for instance, have explained that murder is the killing of a human being with malice aforethought and that manslaughter is the unlawful killing of a human being

without malice, and that manslaughter is of two kinds, voluntary and involuntary, and then proceed to define these terms to the accused. Neither did the Justice say anything in Jameson to the effect that the trial court should have explained the crimes of robbery and assault with a deadly weapon committed with a gun, the original charge, and then explain what was meant by assault with a deadly weapon, omitting "with a gun" since those words were deleted in the amended charge to which defendant Jameson plead guilty.

In other words, we do not believe that the Supreme Court is saying that the trial court under the circumstances of this case should explain and define burglary, second degree, in such detail as contended by defendant.

In this case, as in Campbell, Williker and Durham, the circumstances were such that the defendant was represented by counsel throughout. The circumstances also were similar in that the defendant stated to the judge that he understood the charge against him when the charge was read to him as it was stated in the information. It was also similar in that the defendant had had the opportunity to discuss the matter with his counsel before he was sentenced.

Until the Supreme Court requires, at the changing of a plea where the charge is reduced against a defendant represented by counsel, that the trial court conduct what is tantamount to a course in criminal law in each and every case before accepting a plea, we do not feel compelled to follow such a procedure.

Pursuant to A.R.S. § 13-1715, we have searched the record for prejudicial or fundamental error and find none.

Affirmed.

STEVENS, P. J., and JACOBSON, J., concur.