NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Petitioner*,

*v.*

RANDALL MALCOME BARNES, *Respondent*.

No. 1 CA-CR 24-0554 PRPC

FILED 08-07-2025

---

Appeal from the Superior Court in Maricopa County
No. CR2018-006078-001
The Honorable Kevin B. Wein, Judge

**REVERSED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Faith C. Klepper
*Counsel for Petitioner*

Apfel Law Group, Phoenix
By Seth Apfel
*Counsel for Respondent*

---

## MEMORANDUM DECISION

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge D. Steven Williams joined.

---

**P E R K I N S**, Judge:

**¶1**      The State of Arizona petitions for review of the superior court's grant of Randall Barnes' petition for post-conviction relief under Arizona Rule of Criminal Procedure 33.1. We grant review and, for the following reasons, reverse the superior court's grant of post-conviction relief.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**      In October 2018, Barnes and his brother had an argument with their neighbors that escalated into an exchange of gunfire. One of the neighbors was shot and killed. Two witnesses identified Barnes as the shooter; two other witnesses identified Barnes' brother as the shooter. Police were unable to match the fatal bullets to any of the guns recovered from the scene.

**¶3**      The State charged Barnes with first degree murder, but shortly before trial offered to let Barnes plead down to manslaughter. Barnes entered the plea agreement in November 2021 and was sentenced to 10.5 years' incarceration.

**¶4**      Three years later, Barnes petitioned for post-conviction relief under Rule 33.1(e). He alleged he discovered evidence of prosecutorial misconduct in concealing the problematic disciplinary history of the detective who served as lead case agent in his homicide investigation. Barnes and his counsel submitted affidavits in support of the petition stating that they would have rejected the plea agreement and gone to trial if they had known of the detective's disciplinary history. The parties waived an evidentiary hearing. After oral argument, the superior court found the detective's disciplinary history was material and granted relief.

**¶5**      The State timely petitioned for review and we have jurisdiction. A.R.S. §§ 13-4031 and -4239(C); Ariz. R. Crim. P. 33.16.

## DISCUSSION

**¶6**        We will not disturb a superior court's ruling on a petition for post-conviction relief absent an abuse of discretion or error of law. *State v. Reed*, 252 Ariz. 236, 238, ¶ 6 (App. 2021). We review the court's legal conclusions *de novo. Id.* We will affirm the superior court's decision if it is legally correct for any reason. *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015).

**¶7**        The State argues (1) the superior court erred in finding that Barnes' guilty plea did not preclude post-conviction relief, and (2) the evidence of the detective's disciplinary history was insufficient to merit relief under Rule 33.1(e).

### 1. Preclusion

**¶8**        The superior court found that Barnes' guilty plea did not preclude post-conviction relief because the State's failure to disclose the detective's disciplinary history rendered Barnes' plea involuntary. The State asserts this was error because criminal defendants need not have complete knowledge of the relevant circumstances before pleading guilty, and thus its failure to disclose the detective's disciplinary history did not affect the voluntariness of Barnes' plea.

**¶9**        The voluntariness of a defendant's plea is a question for a constitutional claim under Rule 33.1(a). *See State v. Leyva*, 241 Ariz. 521, 525, ¶ 9 (App. 2017). Barnes did not raise a constitutional claim—he brought a newly-discovered evidence claim under Rule 33.1(e). A guilty plea does not preclude a Rule 33.1(e) claim. *See* Ariz. R. Crim. P. 33.2(b); Ariz. R. Crim. P. 33.2(a)(1) cmt. (a guilty plea waives "all non-jurisdictional [claims] . . . except those that relate to the acceptance or validity of the plea or sentence"). The superior court reached the correct conclusion in finding that Barnes' guilty plea did not preclude post-conviction relief.

### 2. Relief under Rule 33.1(e)

**¶10**        Rule 33.1(e) permits a superior court to grant post-conviction relief when "newly discovered material facts probably exist, and those facts probably would have changed the judgment or sentence." Ariz. R. Crim. P. 33.1(e). Newly discovered material facts exist if:

> (1) the facts were discovered after sentencing;
> (2) the defendant exercised due diligence in discovering these facts; and

(3) the newly discovered facts are material and not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony that was of such critical significance that the impeachment evidence probably would have changed the judgment or sentence.

*Id.*

**¶11**      Barnes and his counsel submitted affidavits asserting they would have rejected the plea agreement if they had known of the detective's disciplinary history. The superior court concluded the evidence that Barnes would have made a different decision regarding the plea agreement was sufficient to warrant relief. This was error.

**¶12**      Barnes characterizes his claim as a newly discovered evidence claim under Rule 33.1(e). But by framing his claim as a matter of his own decision to plead guilty, he essentially challenges the voluntariness of his plea. *See Leyva*, 241 Ariz. at 525, ¶ 9. Such claims must be filed within 90 days of sentencing. Ariz. R. Crim. P. 33.4(b)(3)(A). Barnes' claim was not.

**¶13**      Under Rule 33.1(e), the court must determine whether the newly discovered evidence "probably would have changed the *judgment or sentence*." Ariz. R. Crim. P. 33.1(e)(3) (emphasis added). A defendant's subjective decision to accept or reject a plea agreement is not a judgment or sentence. A judgment is a "*court's* adjudication that the defendant is guilty or not guilty based on the jury's or the court's verdict, or the defendant's plea." Ariz. R. Crim. P. 26.1(b) (emphasis added). A sentence is a "*court's* pronouncement of the penalty imposed on the defendant after a judgment of guilty." Ariz. R. Crim. P. 26.1(c) (emphasis added). Thus, Rule 33.1(e)(3) asks whether the newly discovered evidence would have changed (1) the *court's* adjudication of guilt based on the defendant's plea, or (2) the *court's* pronouncement of the penalty for that adjudication. The evidence's effect on the defendant's subjective decision to plea is irrelevant.

**¶14**      This means a superior court considering a Rule 33.1(e) claim must determine whether it would have rejected the plea agreement or sentenced the defendant differently if the newly discovered evidence were in the record at the time of the plea. *See, e.g., Espinoza v. Martin*, 182 Ariz. 145, 147 (1995) (superior court must determine voluntariness and intelligence of plea before accepting or rejecting it); *State v. Durham*, 108 Ariz. 327, 329 (1972) ("[T]he trial court must satisfy itself that there is a

factual basis for the plea of guilty."). Absent a finding that the disciplinary evidence probably would have changed the judgment or sentence in this case, the superior court erred in granting relief under Rule 33.1(e). And the record here would not support such a finding.

¶15 Newly discovered evidence must be "not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony that was of such critical significance that the impeachment evidence probably would have changed the judgment or sentence." Ariz. R. Crim. P. 33.1(e)(3). We review Rule 33.1(e) claims based on the state of the evidence as it existed at the time of a defendant's plea. *See State v. Amaral*, 239 Ariz. 217, 219, ¶ 9 (2016) (newly discovered evidence "must appear on its face to have existed at the time of trial but be discovered after trial").

¶16 When Barnes entered the plea agreement in November 2021, everyone understood that the detective was unavailable to testify at trial because she was on medical leave. And the State affirmed that it did not intend to call the detective to testify at trial. Because the detective was never going to testify, there was nothing for the disciplinary evidence to undermine.

¶17 Barnes argues that he "could have and would have called [the detective] to question the integrity of her investigation and her credibility as the lead detective who took key statements and handled evidence." But there is no evidence that, at the time of his plea, Barnes could have forced the detective to testify despite her being on medical leave. Barnes claims the detective was never actually unavailable but offers only (1) a 2023 minute entry from a separate case in which a separate judge found the detective was "no longer unavailable," and (2) a 2024 minute entry from the same judge noting that news reports had "challenged [the] truthfulness of [the detective's] health-related claims." Neither establishes that the detective would have been available to testify at Barnes' trial.

¶18 The record is clear that, at least as far as the court and the parties knew in November 2021, the detective was medically unavailable to testify at trial. The evidence of her disciplinary history could not have substantially undermined her testimony because she would not have been available to give any testimony at trial. Thus, the disciplinary evidence could have had no effect on the judgment or sentence.

**CONCLUSION**

**¶19**      We reverse.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR