517 P.2d 1266

**STATE of Arizona, Appellee,**

v.

**Charles TUCKER, Appellant.**

**No. 2715.**

Supreme Court of Arizona,
In Banc.

Jan. 9, 1974.

Gary K. Nelson, Atty. Gen., Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Paul Hunter, Yuma, for appellant.

LOCKWOOD, Justice:

This is an appeal from a judgment of guilt entered after the appellant, Charles Tucker, pleaded guilty to a charge of possession of heroin for sale in violation of A.R.S. § 36–1002.01.

The facts necessary for determination of this case on appeal are as follows. The appellant was taken into custody and an information was filed charging him with the sale of heroin. An amended information was filed on November 30, 1972, which charged the appellant with the possession of heroin for sale. A plea bargain was entered into with the Yuma County Attorney. The agreement provided that the appellant would plead guilty to possession of heroin for sale in exchange for the dismissal of the charge of selling heroin and an unrelated marijuana offense.

On December 4, 1972, the appellant pleaded guilty as per the terms of the agreement. The judge was informed of the plea bargain. On January 8, 1973, the appellant was given a sentence of from six to fifteen years imprisonment in the Arizona State Prison. This appeal followed.

■ Appellant makes four designations of error. First appellant contends that, in light of State v. Durham, 108 Ariz. 327, 498 P.2d 149 (1972), his guilty plea is invalidated by the lack of corroborative evidence to support the plea. We have held

that the record need only indicate that the trial court was sufficiently informed as to the factual basis of the plea. An explicit finding of fact need not be made. State v. Williker, 107 Ariz. 611, at 615, 491 P.2d 465 at 469 (1971). Depending upon the case, merely calling upon the defendant to acknowledge whether he committed the crime as charged may not be sufficient. Durham, supra. In the instant case the record reveals the following exchange took place:

"THE COURT: All right. Now, of course, to possess heroin for sale, you must have the custody and control of the drug known as heroin; you must know that that is really heroin; that there must be a usable quantity of it, and you must willing to possess it. Now is that all true?

"MR. TUCKER: Yes.

"THE COURT: It is? And in the crime of possession for sale, the possession must be with the intent to sell it, do you realize that?

"MR. TUCKER: Yes.

"THE COURT: Is all that true?

"MR. TUCKER: Yes."

■ There was nothing before the trial court to indicate that the appellant did not in fact possess the heroin for sale as he affirmatively admitted that he did. Nor does the appellant deny his guilt on appeal, it should be noted. Under these circumstances it is obvious that the court was provided with sufficient facts in order to preclude the possibility of a legally innocent defendant pleading guilty. Therefore we hold that there was a factual basis for the guilty plea.

■ Appellant next contends that the guilty plea was not intelligently made because he was not adequately informed of the consequences of a guilty plea. While appellant admits the trial judge communicated the minimum and maximum sentence for the offense to him, he takes the novel position that informing a defendant of the maximum and minimum sentence does not

inform him that the sentence actually imposed can range anywhere in between. Thus the appellant argues that informing a defendant that the sentence for a crime is from five to fifteen years does not sufficiently inform the defendant that he could receive a sentence of six to fifteen years. We find this line of argument wholly without merit and it does not raise any issue of sufficient interest to justify extending this opinion.

■ Appellant further contends that it was error for the trial judge to fail to question the appellant to determine whether the guilty plea was based upon promises of leniency, threats, or duress. In considering whether the guilty plea is properly made under the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the record need only show that it was voluntarily and intelligently made with an understanding of the nature of the charges and the consequences of the plea. State v. Campbell, 107 Ariz. 348, 488 P.2d 968 (1971). We do not require the trial court to go further. State v. Reynolds, 106 Ariz. 47, 470 P.2d 454 (1970).

■ Before accepting the plea of guilty, the trial judge questioned the appellant extensively, a portion of which is as follows:

"THE COURT: * * * As I have told you, notwithstanding any understanding of that kind (the plea bargaining agreement), the plea must be freely and voluntarily given, and must represent the true facts of the case, otherwise I will not accept it. Is such the case.

"MR. TUCKER: Yes."

Appellant's final contention is that the imposition of a prison sentence against a person who is addicted to drugs and who has psychiatric problems constitutes cruel and unusual punishment. A review of the record indicates the trial court judge made every effort to afford the appellant an opportunity to present mitigating evidence before he pronounced the sentence. Nevertheless the appellant failed to introduce any substantial evidence that would show that a jail sentence would be inappropriate. The court was fully appraised of appellant's record and possible emotional problems. These factors were argued by defense counsel and considered by the court. At no time was there a request for a mental examination nor were any psychiatric reports presented to the court. No evidence of insanity or mental deficiency was ever offered.

■ It is apparent that the court balanced the various factors involved such as the severity of the crime, society's interest in being protected, and the functions of the criminal law process. We cannot say that the sentence was an abuse of discretion. As we have repeatedly held, this court will not disturb the sentence on appeal in the absence of a clear showing of an abuse of discretion by the court. State v. Wasserott, Ariz., 516 P.2d 318 (1973). This court is not inclined to look favorably upon the peregrinities of an appellant seeking a reversal because he is unhappy with the sentence he received as a result of his plea bargain.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.