880 P.2d 708

STATE of Arizona, Appellee,

v.

Jeffrey F. SALINAS, Appellant.

Nos. 1 CA–CR 92–1449, 1 CA–CR 92–1450.

Court of Appeals of Arizona,
Division 1, Department E.

March 1, 1994.
Review Granted Sept. 20, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Wendy F. White and Sandra L. Jenney, Flagstaff, for appellant.

## OPINION

KLEINSCHMIDT, Judge.

Jeffrey F. Salinas appeals from the judgments of guilt and sentences imposed on his convictions for residential trespass, possession of marijuana for sale, and possession of a defaced weapon. He argues that the factual basis to support his plea of guilty to the charge of possession of marijuana for sale was insufficient and that, because the trial court did not accept his arguments in mitigation, it abused its discretion in imposing sentence. Although we conclude that the trial court did not err in sentencing, we hold that the factual basis to support the Defendant's guilty plea to possession of marijuana for sale was insufficient. We set aside his conviction and sentence on that count.

The Defendant was charged, by information, with one count of residential trespass, a class 6 felony. Later, the Defendant was also charged, by indictment, with the following: possession of less than one pound of marijuana for sale, a class 4 felony; possession of a concealed weapon while committing a drug offense, a class 4 felony; and possession of a defaced deadly weapon, a class 6 felony. He originally pled not guilty to each count, but later entered into a plea agreement in which he pled guilty to residential trespass, possession of less than one pound of marijuana for sale, and knowingly possessing a defaced deadly weapon. In return, the State agreed to allege neither prior felony convictions nor conviction of a felony committed while on release for a felony.

After accepting the plea agreement and adjudging the Defendant guilty, the trial court sentenced him to the following aggravated terms of imprisonment: 1.875 years for trespass, 5 years for possession of marijuana, and 1.875 years for possession of a defaced weapon. The court ordered all the sentences to run concurrently and gave credit for forty-six days of presentence incarceration. It also ordered Defendant to pay assessments, fines and surcharges.

A trial court may enter a judgment on a guilty plea only after it determines, by strong evidence, that a factual basis exists for each element of the crime. *State v. Wallace*, 151 Ariz. 362, 365, 728 P.2d 232, 235 (1986), *cert. denied*, 483 U.S. 1011, 107 S.Ct. 3243, 97 L.Ed.2d 748 (1987). Strong evidence exists when the defendant clearly and affirmatively admits his guilt. *See State v. Tucker*, 110 Ariz. 270, 271, 517 P.2d 1266, 1267 (1974); *State v. Campbell*, 107 Ariz. 348, 351, 488 P.2d 968, 971 (1971). A plea of guilty with a protestation of innocence is in effect, a plea of no contest which requires an express finding that acceptance of the plea is in the interests of the effective administration of justice. Ariz.R.Crim.P. 17.1(c). No such finding was made in this case.

Here, at the change-of-plea hearing, the prosecutor gave the following factual basis for the crime:

Officer Weems found in Mr. Salinas's shoe a baggie of marijuana, approximately half an ounce, that Mr. Salinas said he was going to sell to someone on the east side of town, that being Flagstaff.

. . . .

Mr. Salinas admitted that he had the marijuana for sale and that it was in fact marijuana. It was a usable amount. When the trial court asked the Defendant if this statement was correct, he replied, "The marijuana wasn't for sale, but—And the residential trespass—It's all true."

■ Because of the importance of insuring that guilty pleas are a product of free and intelligent choice, when a plea of guilty is coupled with a defendant's protestation of innocence, the trial court has a duty to inquire into and resolve the conflict between the waiver of trial and the claim of innocence. *State v. Reynolds*, 25 Ariz.App. 409, 413, 544 P.2d 233, 237 (1976). That was not done in this case.

We have examined the extended record to see if it will support the plea. *See State v. Rodriguez*, 112 Ariz. 193, 194, 540 P.2d 665, 666 (1975) (admission in presentence report sufficient to support plea). Here, however, the presentence report does not demonstrate, by strong evidence, that a factual basis exists for each element of the charged crime. Although it recites that when the police arrested the Defendant and found marijuana on his person, he told the police that he was going to sell it because that was the only way he knew how to make money, the report also notes that the Defendant retracted this statement, claiming that he was drunk when he made it. Defense counsel clearly explained this contradictory evidence to the trial judge stating:

> As far as the possession of marijuana for sale, I've also read the police reports, and I do know that Mr. Salinas told I believe it was Officer Weems or another officer that the marijuana was for sale; however, he states now that he was exaggerating. That was just something that he was telling them.

Consequently, the judgment of conviction and sentence for possession of marijuana for sale cannot stand.

The dissent merits comment. The dissenter says that the trial judge, who observed and heard the Defendant firsthand, interpreted the Defendant's comment, "It's all true," to encompass everything that had been alleged against the Defendant. There is nothing to indicate that the judge interpreted the comment in that manner, if indeed it would be reasonable to do so. At the very least, what the Defendant said was so ambiguous that the trial judge should have clarified it before proceeding.

The dissent also says, citing *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), and *State v. Moreno*, 16 Ariz.App. 191, 492 P.2d 440 (1972), that there is no requirement that the Defendant actually acknowledge guilt, as long as there is otherwise a factual basis to support the plea of guilty. As we have said in a different context, *Alford* pleas, while constitutionally permissible, are not favored. *State v. Dockery*, 169 Ariz. 527, 528, 821 P.2d 188, 189 (App.1991); *Duran v. Superior Court*, 162 Ariz. 206, 207, 782 P.2d 324, 325 (App.1989). In *Duran*, we pointed out that among the objections to the use of the *Alford* plea is the perception that courts which accept such pleas may be avoiding their duty to determine the truth and that—worse yet—a resort to *Alford* enhances the possibility of punishing those who are not blameworthy. 162 Ariz. at 208, 782 P.2d at 326; *see also* 2 D. Rossman, *Criminal Law Advocacy* § 9.02(c) at 9–20 to 9–25 (1989). A good discussion of the pros and cons of accepting *Alford* pleas is found in Curtis J. Shipley, *The Alford Plea: A Necessary but Unpredictable Tool for the Criminal Defendant*, 72 Iowa L.Rev. 1063, 1070–71 (1987), in which the author notes that "A major difference between *Alford* pleas and basic guilty pleas is that judges must be particularly careful to establish factual bases for *Alford* pleas." The same author notes elsewhere that

> Another concern many judges have is that, if courts freely accept *Alford* pleas, eventually all defendants will use them. Even those defendants who recognize their guilt would probably decide to claim innocence in court. By using *Alford* pleas, guilty defendants can avoid the embarrassment of telling their stories to family, friends and the public by claiming that they are, in fact, innocent, but are forced to submit to punishment by a coercive system.

*Id.* at pp. 1075–76; *see also* Neil H. Cogan, *Entering Judgment on a Plea of Nolo Contendere: a Re–Examination of North Carolina v. Alford and Some Thoughts on the Relationship Between Proof and Punishment,* 17 Ariz.L.Rev. 992, 1020–22 (1975) (expressing the view that *Alford* gives insufficient weight to the historical concern for certainty of proof in felony cases). For these and other reasons, the courts of some states forbid the use of *Alford* pleas altogether. *See Trueblood v. State,* 587 N.E.2d 105 (Ind. 1992) (acceptance of *Alford* pleas constitutes reversible error); *cert. .denied,* — U.S. at ——, 113 S.Ct. 278, 121 L.Ed.2d 205 (1992); *People v. Butler,* 43 Mich.App. 270, 204 N.W.2d 325, 329–30 n. 2 (1972) (trial court may not accept a plea of guilty unless the defendant personally gives facts sufficient to constitute guilt); *State v. Korzenowski,* 123 N.J.Super. 454, 303 A.2d 596, 597 n. 1 (Ct. App.Div.1973) (citing a supreme court directive prohibiting the use of *Alford* pleas), *cert. denied,* 63 N.J. 327, 307 A.2d 100 (1973).

▪ A defendant who enters an *Alford* plea must undertake a risk benefit analysis, and in our opinion, it ought to be clear on the record that the defendant understands that is what he is doing. As we said in *State v. King,* 116 Ariz. 353, 356, 569 P.2d 295, 298 (App.1977), the entry of a plea pursuant to *Alford* rests on the defendant's *acknowledgement* that he is entering the plea of guilty despite his protestation of innocence because he recognizes that in view of the quantity and quality of evidence against him, conviction of the offense, or of a greater crime, or of multiple offenses, may occur if he goes to trial. In our opinion, the entry of a plea of guilty is too serious an event to leave this acknowledgement to inference. For that reason we disagree with the approach that Division Two of this court took in *State v. Moreno,* 16 Ariz.App. at 191, 492 P.2d at 440, when it inferred that the defendant knew the guilty plea was in his best interests even though he protested his innocence.

This matter must be remanded to the trial court for consideration, upon hearing, of whether the Defendant intended to admit that he possessed the marijuana for sale. If he did not, the Defendant may enter a plea of guilty to that charge pursuant to *Alford* provided that it is clear that he wishes to do so. If the Defendant seeks to withdraw his plea of guilty to the charge of possession of marijuana for sale, he may do so, in which case he can be tried on that charge. In the event the Defendant does withdraw his plea, since the validity of that plea may have been an essential element of the plea agreement, the State may, if it so desires, move the trial court to vacate the convictions for trespass and for the weapons offense so that it may proceed anew against the Defendant on all the original charges.

We turn to the Defendant's claim that the trial court abused its discretion by not finding any mitigating factors. The Defendant presented evidence of mental health problems as well as evidence of his remorse. The judge gave no weight to these, and instead found aggravating circumstances in the Defendant's prior felony convictions and the fact that he committed the offenses for which he was sentenced while he was on release in another case. The trial court was free to reject the Defendant's mitigation evidence and arguments. *See State v. Fatty,* 150 Ariz. 587, 592, 724 P.2d 1256, 1261 (App.1986). We see no abuse of discretion in his having done so in this case.

For the reasons stated in this decision, we reverse the Defendant's conviction and sentence on the count of possession of marijuana for sale and remand for further proceedings.

CLABORNE, P.J., concurs.

VOSS, dissenting.

I respectfully dissent.

First, I do not agree with the majority's application of *Reynolds* to this case. Ordinarily, the trial court's role and responsibilities in a plea acceptance are governed by Arizona Rules of Criminal Procedure 17.1, 17.2, 17.3, and 17.4. Under those rules, the trial court is required to determine that the plea is made voluntarily and intelligently, and that a factual basis for the plea exists. It is only when a defendant professes innocence

or indicates lack of intent that *Reynolds* applies.[1]

Here, it is not clear that defendant made this prerequisite statement of innocence or lack of intent. Defendant pled to three offenses: residential trespass, possession of marijuana for sale, and possession of a defaced weapon. Counsel for the state described a factual basis for each count and the trial judge then addressed defendant, soliciting his response. Defendant stated, "The marijuana wasn't for sale, but—And the residential trespass—It's all true."

The majority interprets this response as a protestation of innocence and concludes that the trial judge improperly ignored it. Because the ultimate meaning of this response depends on many intangible factors not captured in the record, I choose to defer to the trial judge's interpretation. The trial judge was present and heard defendant's response. We are limited to a cold record that lacks the elements of inflection, posture, attitude, and emphasis. In addition, the length of the pauses between defendant's utterances cannot be discerned from a mere "—" in the transcript and could dramatically affect the meaning of defendant's statements.

Given a sufficient pause before defendant's last remark and an attitude and inflection of resignation, the words "It's all true" could be viewed as an ultimate admission of the state's factual basis and a negation of defendant's prior exculpatory language.[2] The trial judge could have reasonably interpreted defendant's statement in that way, thereby obviating the need for further inquiry.[3] In the absence of clearer evidence in the record, I decline to second-guess the trial judge's perception and interpretation of defendant's facially contradictory statements. I would not apply *Reynolds* here. In my view, the trial judge properly exercised his discretion and complied with Rules 17.1—17.4 in accepting defendant's plea.

But even if the majority is correct that defendant indicated a lack of intent on the possession for sale charge, I still dissent because, even under *Reynolds*, the trial judge proceeded properly in accepting the plea. The record supports the conclusion that defendant's plea was voluntary and supported by a factual basis and that defendant understood the nature of the charges against him. The voluntary and intelligent nature of defendant's plea is not at issue here. Neither the defendant nor the majority dispute that these two requirements of *Reynolds* were satisfied.[4] Thus, the only issues before this court are whether a sufficient factual basis existed to support the pleas and whether the defendant acknowledged the benefit of pleading guilty.

The trial court heard the factual basis presented by the state at sentencing. After taking the factual basis, the trial judge asked defendant's counsel if he desired to supplement. Defendant's counsel agreed that "the state would have a factual basis," and the defendant himself, as pointed out above, arguably accepted the factual basis. The majority, however, lends great weight to defendant's claims that he was drunk and exaggerating when he made incriminating remarks

---

1. In *Reynolds* the court held:
   [W]hen a plea of guilty *is coupled with a statement by defendant as to his innocence,* the trial court has a duty to inquire into and resolve the conflict.... [W]here the defendant indicates that he did not have the requisite intent, it is particularly incumbent on the trial court to determine that (1) the plea is voluntary, (2) a factual basis for the plea exists and (3) that the defendant understands the nature of the charge against him.
   25 Ariz.App. 409, 413, 544 P.2d 233, 237 (1976) (citations omitted) (emphasis added).

2. Under this reading, the defendant's statement could be viewed as strong evidence of the factual basis for the plea. *See State v. Tucker,* 110 Ariz. 270, 271, 517 P.2d 1266, 1267 (1974).

3. The majority mischaracterizes my approach as holding that the trial judge *did* "interpre[t] the defendant's comment" in the manner described. Clearly, I state only that the judge *could have* interpreted defendant's comments in this way.

4. The trial judge listed the charges in defendant's plea and asked, "So do you understand what it is that you are pleading guilty to?" Defendant answered, "Yes, sir." The court repeatedly asked defendant if he understood the proceedings and if he had any questions. Defendant had none. In addition, defendant answered "no" to inquires on whether he had been promised anything other than what was contained in the plea agreement or had been threatened in any fashion.

about selling drugs. Apparently, the majority finds this sufficiently contradictory to "clearly and affirmatively" admitting guilt, such that, in their view, the factual basis fails to meet the "strong evidence" requirement of *Wallace,* 151 Ariz. 362, 728 P.2d 232.

There is, however, no requirement that the defendant actually acknowledge guilt. In lieu of an admission of guilt from the defendant, a factual basis may be established from evidence in the extended record. *State v. Sodders,* 130 Ariz. 23, 633 P.2d 432 (App. 1981). A review of the extended record in this case reveals the following facts. Defendant was a passenger in an automobile stopped for erratic driving. While questioning the driver, the officer observed and recognized defendant as an individual with a known gang affiliation. Defendant appeared to be trying to hide something. Defendant was asked to step out of the car. He exited the car and consented to a search. The search revealed a defaced .22 caliber semi-automatic pistol concealed in defendant's waistband and one quarter ounce of marijuana in a plastic bag in defendant's shoe.

Concerning the marijuana, defendant told the officer that "It's the only way to make money." Defendant was arrested. At jail, after being Mirandized,[5] defendant told officers that he had been steadily selling marijuana and crack cocaine as it was the only way he knew to make money.

At the time of his arrest defendant had no income or other means of support. Defendant stated that he had sold other marijuana earlier in the day and intended to sell the drugs in his shoe to a customer "on the East side of town." Based on the foregoing, I disagree with the majority and believe there is abundant evidence to support the trial judge's conclusion that a factual basis existed for defendant's plea, even under *Reynolds.*

Where, as here, the record before the judge contains strong evidence of actual guilt, the defendant need only intelligently conclude that his interests require entry of a guilty plea. *North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970). In *Alford,* the Court stated:

> [T]he Constitution is concerned with the practical consequences, not the formal categorizations, of state law. Thus, while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of a criminal penalty.

*Id.* (citations omitted). Thus, a defendant may properly enter a guilty plea, whether he realizes or disbelieves his guilt, where, in his view, "he [has] absolutely nothing to gain by trial and much to gain by pleading." *Id.*

This court applied this principal in *State v. Moreno,* 16 Ariz.App. 191, 492 P.2d 440 (1972). In that case, the defendant pled guilty to a reduced charge of attempted grand theft, but when questioned about the factual basis for the plea, denied any complicity in the theft other than mere presence. *Id.* Mr. Moreno unequivocally stated that his brother and another removed the equipment and that he had no knowledge of their intent to do so. *Id.* at 193, 492 P.2d at 442.

Despite Mr. Moreno's protestations, this court, citing facts in the extended record, affirmed the conviction. We stated:

> Appellant's argument seems to equate the court's satisfaction of a "factual basis" with satisfaction of the defendant's guilt. This requirement can be met even though the defendant might deny his guilt, as the United States Supreme Court concluded in *North Carolina v. Alford.* . . .
>
> \* \* \* \* \* \*
>
> We believe that the appellant here could have intelligently concluded, as did the defendant in *North Carolina v. Alford* . . . that a guilty plea was in his best interests. . . .

*Id.* at 193–94, 492 P.2d at 442–43 (citations omitted). Thus, from the facts surrounding the case and plea, we inferred that Moreno could have intelligently concluded that a guilty plea was in his best interests. Because of that possibility and the factual basis

---

5.  *Miranda v. State of Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, *reh'g denied California v. Stewart,* 385 U.S. 890, 87 S.Ct. 11, 17 L.Ed.2d 121 (1966).

**494**

for the charges, we affirmed the trial court's discretion in accepting Moreno's plea.

Here, however, the majority holds—without explicitly overruling *Moreno*—that for *Alford* pleas, a defendant must acknowledge he is entering a plea of guilty because he thinks it is in his best interests, and his acknowledgement "ought to be clear on the record" not left to inference. While I agree that *State v. King* indicates the need for defendants to acknowledge the circumstances surrounding their choice to plead guilty, I cannot agree that the record must explicitly reflect such an acknowledgment.

But, even if I were to agree with the majority's approach, the outcome in this case would be the same. Defendant knew the plea was in his best interest when he denied that any threats or promises were made concerning the plea and stated, "I got to plead guilty." There is no need for this court to infer anything.

The trial court heard the evidence and testimony and concluded that the facts supported defendant's plea. Defendant knowingly and intelligently waived his right to trial and pleaded guilty. This court should not now attempt to weigh the credibility of defendant's contradictory statements based on a cold transcript. Such determinations are more properly left to the trial court.

The court in *Moreno* said it best: "Viewed in light of the evidence against [defendant] and his representation by competent counsel, the validity of his guilty plea cannot be seriously questioned." *Moreno*, 16 Ariz.App. at 194, 492 P.2d at 443. I agree, and would affirm.