887 P.2d 985

**STATE of Arizona, Appellee,**

v.

**Jeffrey F. SALINAS, Appellant.**

No. CR–94–0131–PR.

Supreme Court of Arizona, En Banc.

Dec. 29, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Div., Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for State.

Law Offices of Wendy F. White, P.C. by Wendy F. White, Sandra L. Jenney, Flagstaff, for appellant.

## OPINION

CORCORAN, Justice.

The state petitioned this court to review a court of appeals decision setting aside defendant's conviction and sentence because his guilty plea to possession of marijuana for sale lacked a sufficient factual basis. We granted review to determine whether the trial court correctly found that a sufficient factual basis existed for defendant's guilty plea. We have jurisdiction to hear this appeal pursuant to Ariz. Const. art. 6, § 5(3) and rule 31.19, Arizona Rules of Criminal Procedure.

## FACTUAL AND PROCEDURAL HISTORY

In May 1992, defendant Jeffrey Salinas was charged in Coconino County Superior Court with one count of residential trespass. Later, while on release, defendant was indicted on one count each of knowing possession of less than one pound of marijuana for sale, knowing possession of a concealed weapon while committing a felony drug offense, and knowing possession of a defaced deadly weapon. Defendant originally pleaded not guilty to all counts, but later entered into a plea agreement in which he pleaded guilty to residential trespass, possession of less than one pound of marijuana for sale, and possession of a defaced deadly weapon. In exchange for the guilty plea, the state agreed not to allege defendant's prior felony convictions or the conviction of a felony committed while on release for a felony.

At the change of plea hearing on August 12, 1992, the prosecutor provided the trial court with the following factual basis to support defendant's guilty plea:

[O]n April 22nd, 1992, Mr. Salinas entered the home of Sara and Carol O'Connor.

He was intoxicated. He was angry. He had a rock in his hand, acted in a threatening manner and stated he was going to go get a gun.

This is the home of both of these women. They were scared. They did not give Mr. Salinas any permission or authority to enter into their home.

. . . .

. . . [O]n July 19th, 1992, Officer Randy Weems of the Flagstaff Police Department made a traffic stop on a vehicle in which Mr. Salinas was a passenger.

Officer Weems was going to issue a warning citation to the driver. As part of officer safety, he talked with Mr. Salinas. Mr. Salinas consented to a pat-down

search of his person for both weapons and drugs.

Officer Weems found in Mr. Salinas's shoe a baggie of marijuana, approximately half an ounce, that Mr. Salinas said he was going to sell to someone on the east side of town, that being Flagstaff.

The search also revealed that Mr. Salinas had a .22 caliber semi-automatic pistol stuck in the waistband of his pants. This weapon was concealed. The magazine to the weapon was in his shirt pocket.

. . . .

... [S]erial numbers [stamped on the back of the gun] were substantially defaced, although they were still legible. It would be very obvious to anyone looking at the gun that the serial numbers were defaced.

Mr. Salinas admitted that he had the marijuana for sale and that it was in fact marijuana. It was a usable amount.

When asked by the court if this recitation of the facts was "a correct statement," defendant replied, "Defaced gun. I knew it was defaced. Yes, it was. The marijuana wasn't for sale, but—And the residential trespass— It's all true." Defense counsel explained that defendant was just exaggerating when he told police that the marijuana was for sale, but conceded that "as far as the factual basis for these offenses, I do agree the state would have a factual basis." When asked by the court how he pleaded to the first count, defendant responded, "It's all part of this agreement. I got to plead guilty."

The trial court determined that a sufficient factual basis existed for each of the three charges, so it accepted the plea agreement and found defendant guilty. The court ordered defendant to pay fines and sentenced him to the following aggravated terms of imprisonment: 1.875 years for trespass, 5 years for possession of marijuana for sale, and 1.875 years for possession of a defaced deadly weapon, with all sentences to run concurrently. Defendant appealed his convictions and sentences, and the court of appeals reversed the drug conviction because it found an insufficient factual basis for defendant's guilty plea to possession of marijuana for sale. *State v. Salinas*, 179 Ariz. 488, 491,

880 P.2d 708, 711 (App.1994). The state petitioned this court to uphold defendant's conviction. Because we believe that a sufficient factual basis existed for the guilty plea, we granted review.

## QUESTION PRESENTED

Whether the court of appeals erred by reversing defendant's conviction because it found an inadequate factual basis for his guilty plea to possession of marijuana for sale.

## DISCUSSION

■ Before entering judgment on a guilty plea, the trial court must determine whether a factual basis exists for each element of the crime to which defendant pleads. Rule 17.3, Arizona Rules of Criminal Procedure; *State v. Wallace*, 151 Ariz. 362, 365, 728 P.2d 232, 235 (1986). The elements of possession of a narcotic for sale are: 1) exercise of dominion and control over the substance; 2) knowledge that the substance is present; 3) knowledge that the substance is a narcotic; and 4) possession of the substance for the purpose of sale. *State v. Arce*, 107 Ariz. 156, 160, 483 P.2d 1395, 1399 (1971); *see also* A.R.S. § 13–3405.

■ A factual basis can be established by "strong evidence" of guilt and does not require a finding of guilt beyond a reasonable doubt. *Wallace*, 151 Ariz. at 365, 728 P.2d at 235. The evidence of guilt may be derived from any part of the record including presentence reports, preliminary hearing transcripts, or admissions of the defendant. *State v. Rogowski*, 130 Ariz. 99, 101, 634 P.2d 387, 389 (1981). In the past, the court of appeals has relied on police reports, *State v. Rivera*, 172 Ariz. 247, 249, 836 P.2d 460, 462 (App.1992), and the statements of prosecutors, *State v. Richardson*, 175 Ariz. 336, 338, 857 P.2d 388, 390 (App.1993), to establish factual bases.

Defendant argues that the only facts supporting his guilty plea to possession of marijuana for sale are his own statements to police that he intended to sell the marijuana. Defendant claims that he later retracted

these statements, and that his guilty plea, therefore, lacks a factual basis. The record shows that defendant admitted to a probation officer that "he was drunk when he made the statement [to police] about selling marijuana," and further stated that "the marijuana wasn't for sale." At the change of plea hearing, defendant said, "The marijuana wasn't for sale, but—And the residential trespass—It's all true." Defense counsel also told the court that defendant was just exaggerating when he said the marijuana was for sale.

■ "It is well established in this state that a judge is not limited to a defendant's statement at the plea hearing in ascertaining a factual basis for a guilty plea." *State v. Brooks*, 120 Ariz. 458, 461, 586 P.2d 1270, 1273 (1978). Therefore, defendant is incorrect when he asserts that his statements alone provided the factual basis for his guilty plea. The trial court justifiably relied on strong evidence of guilt in the extended record that outweighed defendant's contradictory statements about what he intended to do with the marijuana he possessed. *See State v. Freda*, 121 Ariz. 430, 432, 590 P.2d 1376, 1378 (1979) (discounting defendant's contradictory statements at change of plea hearing and relying instead on strong evidence in record to find that factual basis existed). As the dissenting court of appeals' opinion noted, the extended record, which included a police report, a presentence report, and a transcript from the change of plea hearing, revealed the following facts:

Defendant was a passenger in an automobile stopped for erratic driving. While questioning the driver, the officer observed and recognized defendant as an individual with a known gang affiliation. Defendant appeared to be trying to hide something. Defendant was asked to step out of the car. He exited the car and consented to a search. The search revealed a defaced .22 caliber semi-automatic pistol concealed in defendant's waistband and one quarter ounce of marijuana in a plastic bag in defendant's shoe.

Concerning the marijuana, defendant told the officer that "It's the only way to make money." Defendant was arrested. At jail, after being Mirandized, defendant told officers that he had been steadily selling marijuana and crack cocaine as it was the only way he knew to make money.

At the time of his arrest defendant had no income or other means of support. Defendant stated that he had sold other marijuana earlier in the day and intended to sell the drugs in his shoe to a customer "on the east side of town."

*Salinas*, 179 Ariz. at 493, 880 P.2d at 713 (Voss, J., dissenting) (footnote omitted).

We agree with the trial court's factual basis determination. Despite defendant's ambiguous statements during and after the change of plea hearing, a review of the extended record reveals a sufficient factual basis to support every element of the crime of possession of marijuana for sale. *See State v. Denning*, 155 Ariz. 459, 461–62, 747 P.2d 620, 622–23 (App.1987) (holding that despite defendant's inconsistent statements at a change of plea hearing, "[t]he defendant's testimony, supplemented by the prosecutor's uncontradicted narration, sufficiently establishes" a factual basis for one element of the crime). Therefore, the trial court properly accepted defendant's guilty plea and sentenced him accordingly.

■ The court of appeals relied on *State v. Reynolds*, 25 Ariz.App. 409, 544 P.2d 233 (1976), in reversing defendant's conviction for possession of marijuana for sale. *Salinas*, 179 Ariz. at 490, 880 P.2d at 710. According to *Reynolds*, "when a plea of guilty is coupled with a statement by defendant as to his innocence, the trial court has a duty to inquire into and resolve the conflict between the waiver of trial and the claim of innocence." 25 Ariz.App. at 413, 544 P.2d at 237. If the defendant indicates that he lacked the requisite intent to commit a crime, the trial court must take special care in determining that "(1) the plea is voluntary, (2) a factual basis for the plea exists and (3) . . . the defendant understands the nature of the charge against him." *Reynolds*, 25 Ariz.App. at 413, 544 P.2d at 237.

■ The court of appeals thought that defendant Salinas had protested his innocence or indicated his lack of criminal intent while simultaneously pleading guilty. The court of

appeals inferred the existence of a protestation of innocence from the following incidents in the record: 1) at the change of plea hearing, defendant said that "[t]he marijuana wasn't for sale, but—And the residential trespass—It's all true"; and 2) defendant claimed that he was drunk and just exaggerating when he told the arresting officer that he intended to sell the marijuana. Given these statements, the court of appeals majority reversed defendant's drug conviction because the trial court had not made a sufficiently careful inquiry into the factual basis for his guilty plea, as required by *Reynolds*. *Salinas*, 179 Ariz. at 490, 880 P.2d at 710.

However, the court of appeals' reliance on *Reynolds* is misplaced because the stricter *Reynolds* requirements are triggered only by a protestation of innocence. *See Reynolds*, 25 Ariz.App. at 413, 544 P.2d at 237. Defendant neither expressly nor implicitly professed his innocence or lack of criminal intent at any point in the record. As the dissent noted, the meaning of defendant's ambiguous statement that "[t]he marijuana wasn't for sale, but—And the residential trespass—It's all true," depended mainly on his inflection, posture, attitude, and emphasis. *Salinas*, 179 Ariz. at 492, 880 P.2d at 712 (Voss, J., dissenting). The trial court was in the best position to assess these factors, which are not discernible from the cold record. We therefore defer to the trial court's determination that defendant's ambiguous and inconsistent statements did not amount to a protestation of innocence or an indication of lack of criminal intent. In light of this conclusion, the court of appeals erred by invoking *Reynolds*.

The court of appeals' opinion also discusses the requirements and appropriateness of *Alford* pleas, which allow a defendant to plead guilty while maintaining his or her innocence. *See North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970). Because we affirm the trial court's determination that defendant did not protest his innocence while entering his guilty plea, there is no *Alford* plea at issue in this case.

## DISPOSITION

Before accepting the plea agreement, the trial court properly determined that a factual basis supported defendant's guilty plea to possession of marijuana for sale. Therefore, we vacate the court of appeals' decision and affirm defendant's conviction and sentence on that count.

FELDMAN, C.J., MOELLER, V.C.J., and ZLAKET and MARTONE, JJ., concur.