UNITED STATES of America,
Plaintiff—Appellee,

v.

Maria Del Refugio RODRIGUEZ–
RAMIREZ, Defendant—
Appellant.

No. 06–10233.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2007.

Filed Feb. 22, 2007.

Frederick A. Battista, Esq., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Michael B. Bernays, Phoenix, AZ, for Defendant–Appellant.

Before: NOONAN and CLIFTON, Circuit Judges, and SCHIAVELLI *, District Judge.

MEMORANDUM **

Maria Del Refugio Rodriguez–Ramirez (hereinafter "Defendant") appeals the dis-

* The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

trict court's denial of her motion for a new trial and her sentence for illegal re-entry into the United States.[1]

There are two issues on appeal: (1) whether the district court properly denied Defendant's motion for a new trial where the jurors were exposed to sentencing information; and (2) whether the district court properly sentenced Defendant.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## Motion For New Trial

■ Defendant was deported from the United States to Mexico on July 21, 2003, and given a "Warning to Alien" form, which informed Defendant of the procedures for legally re-entering the United States and warned of the penalties for illegally re-entering. The Government introduced this form at trial, and Defendant's counsel did not object. After Defendant's conviction, her counsel learned in a post-trial conversation that at least one juror noticed the sentencing information on the "Warning to Alien" form, which stated Defendant faced a maximum sentence of twenty years. Defendant moved for a new trial.

Applying the "plain error" standard, the district court concluded that Defendant was not unfairly prejudiced by jury's exposure to sentencing information and therefore denied Defendant's motion for a new trial. This ruling can only be overturned if it was an abuse of discretion. *United States v. Bhagat*, 436 F.3d 1140, 1145 (9th Cir.2006).

We conclude the district court did not abuse its discretion. The record does not reflect that anyone other than the one juror noticed the sentencing information in the form. Thus, there is no evidence that the jury considered Defendant's potential

punishment in reaching its verdict. In fact, the juror's question of Defendant's counsel about what sentence Defendant could receive effectively negates the possibility that any conversation regarding sentencing affected the jury's deliberations. Nor is there any reason to conclude that Defendant was prejudiced as a result of the inclusion of the sentencing information, given that the one juror who did notice the sentencing information believed Defendant would receive the maximum punishment, twenty years. Thus, it was not an abuse of discretion for the district court to conclude that the introduction of the "Warning to Alien" exhibit had no prejudicial impact on the jury's deliberations.

## Defendant's Sentence

■ Defendant asserts the District Court erred when it applied a sixteen level enhancement for "drug trafficking" based on her prior conviction for possession of marijuana for sale in violation of Arizona Revised Statute ("A.R.S.") § 13–3405(A)(2). According to Defendant, her prior conviction under A.R.S. § 13–3405(A)(2) was not a "drug trafficking" offense because it prohibited a person from "knowingly ... possess[ing] marijuana for sale." Because the sentencing guidelines define "drug trafficking" as an intent offense, and "knowingly" is a lower standard than "intent" under Arizona law, Defendant asserts that her prior conviction did not qualify as a "drug trafficking" offense under the United States Sentencing Guidelines. See U.S.S.G. § 2L1.2(b)(1)(A). We review the district court's interpretation of the Sentencing Guidelines *de novo*. *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir.2006).

The Sentencing Guidelines define "drug trafficking offense" as "an offense under federal, state, or local law that

1. The parties are familiar with the facts so we do not discuss all of the factual details here.

prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with *intent* to manufacture, import, export, *distribute, or dispense.*" U.S.S.G. § 2L1.2(b)(1)(A), cmt. n. 1(B)(iv) (emphasis added). A sixteen level enhancement is appropriate when a defendant received a sentence exceeding thirteen months for a "drug trafficking" offense. *Id* at § 2L.1.2.

Arizona Revised Statute section 13–3405(A)(2) provides that "A person shall not *knowingly* ... Possess marijuana *for sale.*" (emphasis added). In the instant case, the district court determined that the preposition "for" in the phrase "for sale" is an express statement of intention, i.e. one cannot possess anything "for sale" absent an *intent* to sell it.

The parties agree that the categorical approach recognized in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), should be used to determine whether Defendant's prior conviction is a drug trafficking offense under the Sentencing Guidelines. The *Taylor* approach "look[s] only to the fact of conviction and the statutory definition of the prior offense." *Taylor,* 495 U.S. at 602, 110 S.Ct. 2143. Arizona courts define the elements of possession of a narcotic for sale under Section 13–3405 as: (1) exercise of dominion and control over the substance; (2) knowledge that the substance is present; (3) knowledge that the substance is a narcotic; and (4) possession of the substance *for the purpose of sale. State of Arizona v. Salinas,* 181 Ariz. 104, 106–07, 887 P.2d 985, 987–88 (1994), *citing State of Arizona v. Arce,* 107 Ariz. 156, 160, 483 P.2d 1395, 1399 (1971) (emphasis added). Because the words "purpose" and "intent" are synonyms,[2] the district court correctly determined that violation of ARS 13–3405 is a drug trafficking offense as defined in the Sentencing Guidelines.

The judgment of the district court is **AFFIRMED.**

---

2. Webster's Ninth New Collegiate Dictionary at 629, 957 (9th ed. 1983).

