NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

JOSE TRINIDAD CECENA-COTA, *Petitioner.*

No. 1 CA-CR 13-0876 PRPC
FILED 5-21-2015

Petition for Review from the Superior Court in Maricopa County
No. CR2012-124952-001
The Honorable Roger E. Brodman, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

Jose Trinidad Cecena-Cota, Douglas
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Jon W. Thompson joined.

---

**J O N E S**, Judge:

¶1            Jose Trinidad Cecena-Cota petitions this Court for review of the trial court's dismissal of his petition for post-conviction relief. We have considered the petition for review, and, for the reasons stated, grant review and deny relief.

¶2            Cecena-Cota pleaded guilty to promoting prison contraband and misconduct involving weapons, and the trial court sentenced him to 9.25 years' imprisonment for the former charge, and two years' probation for the latter. Cecena-Cota filed a *pro se* petition for post-conviction relief of-right after his counsel found no colorable claim for relief. The trial court summarily dismissed the petition, and Cecena-Cota now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3            Cecena-Cota argues there was an insufficient factual basis to support his guilty plea to the offense of promoting prison contraband. He further argues his trial counsel was ineffective by advising him to just answer "yes" to all of the trial court's questions at the change-of-plea hearing, when counsel knew there was an insufficient factual basis to support the plea, and that he would have to lie to the court to do so.

¶4            We deny relief. The factual basis to support the plea need only establish strong evidence of guilt, not guilt beyond a reasonable doubt. *State v. Salinas*, 181 Ariz. 104, 106 (1994) (citing *State v. Wallace*, 151 Ariz. 362, 365 (1986)). As charged here, a person commits promoting prison contraband if the person "knowingly tak[es] contraband into a correctional facility or the grounds of a correctional facility." Ariz. Rev. Stat. § 13-2505(A)(1) (2015). At the change-of-plea hearing, Cecena-Cota admitted that when he was taken to the jail for booking on the weapons misconduct charge, he entered the facility knowing he had methamphetamine hidden in the hat he was wearing. This admission is sufficient to support Cecena-Cota's guilty plea to promoting prison contraband.

¶5            Because there was a sufficient factual basis for the plea, Cecena-Cota has failed to present a colorable claim that his counsel was

ineffective. His claim is further undercut by the fact that, in addition to admitting the factual basis, Cecena-Cota told the trial court he agreed to everything in the plea agreement, no one forced him to enter into the agreement, no one made any promises or threats to convince him to plead guilty, and he entered the plea agreement of his own free will.

**¶6** While the petition for review presents an additional issue regarding the validity of *State v. Hamilton*, 142 Ariz. 91 (1984), Cecena-Cota did not raise this issue in the petition for post-conviction relief he filed in the trial court. A petitioner may not present issues raised for the first time in a petition for review. *See State v. Ramirez*, 126 Ariz. 464, 467 (App. 1980); Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶7** Accordingly, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama