NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DERRICK DAMARIAN LOWE, *Petitioner*.

No. 1 CA-CR 18-0262 PRPC
FILED 8-28-2018

Petition for Review from the Superior Court in Maricopa County
No. CR2015-002410-002
The Honorable Margaret R. Mahoney, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Adena J. Astrowsky
*Counsel for Respondent*

Derrick Damarian Lowe, San Luis
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

---

**P E R K I N S**, Judge:

¶1 Petitioner Derrick Damarian Lowe petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2 Lowe pled guilty to five counts of armed robbery, all class two dangerous felonies, each count involving separate incidents with different victims on different days. Prosecutors alleged that Lowe and other individuals robbed various pawn shops, stealing jewelry. While Lowe did not use a weapon during the robberies, others did, and Lowe was charged under an accomplice theory. The State dismissed forty additional counts in exchange for Lowe's guilty plea. Lowe was sentenced to concurrent aggravated terms of sixteen years' imprisonment on each count.

¶3 Lowe filed a notice of post-conviction relief and a *pro per* petition for post-conviction relief ("PCR") after Rule 32 counsel filed a notice of completion of review. In his PCR, Lowe made the following allegations: his right to a speedy trial was violated; his counsel was specifically ineffective for failing to challenge the "multiplicitous" nature of the charges; his counsel was generally ineffective; he was denied due process because the elements of the alleged crimes, including his identity, were not proven beyond a reasonable doubt; and his sentence was a violation of the Eighth Amendment. The superior court dismissed Lowe's PCR and denied a subsequent request for reconsideration.

¶4 "Ordinarily, we review a trial court's denial of post-conviction relief for an abuse of discretion." *State v. Decenzo*, 199 Ariz. 355, 356 (App. 2001). A plea agreement waives all non-jurisdictional defenses, errors, and defects which occurred prior to the plea. *State v. Moreno*, 134 Ariz. 199, 200 (App. 1982). The waiver of non-jurisdictional defects includes deprivations of constitutional rights. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Thus, Lowe waived his claim regarding his right to a speedy trial. *See State v. Ellis*, 117 Ariz. 329, 331 (1977) ("[A]s we have said many times, a

defendant waives any question regarding his right to a speedy trial by entering a plea of guilty."). All claims of ineffective assistance of counsel not directly related to the entry of the plea are also waived. *State v. Quick*, 177 Ariz. 314, 316 (App. 1994).

**¶5** To establish ineffective assistance of counsel, Lowe must show that counsel's performance was deficient and that the deficiency prejudiced Lowe. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Lowe's ineffective assistance of counsel claim as to multiplicity of charges is without merit. He does not contend that his convictions were multiplicitous or resulted in double jeopardy, and the crimes to which he pled guilty occurred on different days with different victims. He failed to object to the indictment, and even if the indictment was deficient as a result of multiplicity, he waived any such defects by entering into his plea because it is not directly related to his plea entry.

**¶6** In addition, Lowe's claim that his counsel was deficient by failing to challenge the indictment does not provide any basis for finding that a challenge would have been helpful. He is not specific as to which of the original forty-five counts overlapped or could have been disposed of without a trial. Because Lowe failed to show prejudice, he has not met his burden to establish ineffective assistance of counsel.

**¶7** A trial court must determine whether there is a factual basis for a crime before entering judgment on a defendant's guilty plea. *State v. Salinas*, 181 Ariz. 104, 106 (1994). This factual basis need not establish guilt beyond a reasonable doubt: strong evidence of guilt is sufficient. *Id.* The court may ascertain the factual basis for a guilty plea from the extended record. *State v. Sodders*, 130 Ariz. 23, 25 (1981). In this case, the extended record—which includes the pre-sentence report, indictment, various sentencing memoranda, and the transcript of the settlement conference—contains sufficient evidence to support judgment on Lowe's guilty plea.

**¶8** Lowe admitted at his plea proceeding that he committed the robberies. The extended record indicates there was video surveillance of the robberies. The record further shows that law enforcement seized from Lowe's residence jewelry from one of the robberies and pants similar to those in two surveillance videos and that pawn records show he pawned one item at four of the stores a day or two before each crime. Besides this physical evidence, the State also had expected witness testimony: Lowe's roommate was expected to testify that Lowe had attempted to recruit him for an armed robbery; also, one of the accomplices was expected to testify that Lowe committed a robbery with him and that Lowe told him about

being involved in two other robberies. Finally, at his sentencing, Lowe affirmed his guilt and responsibility by stating, "The decisions I made to get money to pay for college was wrong. I got carried away." Thus, the extended record contains strong evidence of Lowe's guilt.

¶9        Lowe's PCR does not present any facts or law to support his Eighth Amendment claim. With regard to lengthy prison sentences, the Eighth Amendment only prohibits sentences that are "grossly disproportionate" to the crime. *State v. Berger*, 212 Ariz. 473, 475, ¶ 10 (2006). At sentencing in this case, the superior court adequately considered the various mitigating and aggravating factors, including the facts that the armed robberies took careful planning and affected around twenty victims. Lowe has not made the threshold showing of a gross disproportionality between the gravity of the offenses and the harshness of the penalty, and we see none.

¶10        We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA