NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

TIMOTHY BRYON ESTLING, *Petitioner*.

No. 1 CA-CR 20-0107 PRPC

FILED 9-29-2020

Petition for Review from the Superior Court in Yavapai County
No. P1300CR201501631
No. V1300CR201780015

The Honorable John David Napper, Judge

**REVIEW GRANTED AND RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Camp Verde
By Ethan A. Wolfinger
*Counsel for Respondent*

Timothy Bryon Estling, San Luis
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Cynthia J. Bailey joined.

---

**HOWE, Judge**:

**¶1**        Timothy Bryon Estling petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure (Rule) 33.[1] We have considered the petition for review and, for the reasons stated, grant review and deny relief.

## BACKGROUND

**¶2**        In case number P1300CR201501631 ("2015 Case"), Estling pleaded guilty to resisting arrest and assault per domestic violence. The superior court suspended sentence and placed Estling on a three-year term of probation.

**¶3**        Approximately one year later, the State charged Estling in case number V1300CR201780015 ("2017 Case") with three counts of aggravated assault, two counts of disorderly conduct, and one count of burglary in the second degree. Estling subsequently pleaded guilty to amended counts of aggravated assault and residential criminal trespass. That guilty plea resulted in an automatic violation of Estling's probation in the 2015 Case, the sentence of which was to be served consecutive to the 2017 Case.

**¶4**        At disposition and sentencing, the superior court revoked probation in the 2015 Case and imposed concurrent prison terms of 1.5 years and time served for, respectively, the resisting arrest and assault offenses. Consecutive to those sentences, the court sentenced Estling to

---

[1]        Effective January 1, 2020, our supreme court amended the post-conviction relief rules. *State v. Botello-Rangel*, 248 Ariz. 429, 430 ¶ 1 n.1 (App. 2020). The amended rules apply to all cases pending on the effective date unless a court determines that "applying the rule or amendment would be infeasible or work an injustice." *Id.* Because no substantive changes to the respective rules related to this decision, we apply and cite to the current rules.

consecutive prison terms totaling 6.5 years for the convictions in the 2017 Case.

¶5            Estling thereafter commenced post-conviction relief (PCR) proceedings. Assigned PCR counsel was unable to find a colorable claim for relief, and the superior court extended the date by which Estling could file a PCR petition. Representing himself, Estling failed to file a petition before that date. The court *sua sponte* reviewed the record for any basis for relief, found none, and dismissed the PCR proceeding. Estling sought review, but this court dismissed his untimely petition for review.

¶6            The superior court subsequently granted Estling's motion to extend time to file a previous PCR petition that was apparently returned to Estling because he did not sign it. Estling timely filed the petition.

¶7            In his PCR petition, Estling claimed plea counsel provided constitutionally deficient assistance in various respects. First, Estling alleged counsel improperly advised him that the sentences in the 2017 Case would run concurrently to each other. Second, referring to his "seriously mentally ill" status, Estling argued counsel should have required him to undergo a psychological examination, and relatedly, that counsel improperly advised him to inform the court at the change of plea hearing he was not medicated when, in fact, he had taken medication. Finally, Estling claimed counsel "showed no desire to visit or discuss defendant's case with the defendant[.]"

¶8            In addition to his ineffective assistance of counsel (IAC) claims, Estling also argued his trespassing conviction in the 2017 Case should be dismissed for lack of evidence, and he alleged the "plea agreement wording was changed four (4) months after the signing of the plea agreement without defendant's knowledge or consent."

¶9            The superior court found Estling failed to establish a colorable claim and summarily dismissed the PCR petition. This timely petition for review followed.

**DISCUSSION**

¶10            Estling argues the superior court erred by finding his PCR claim regarding the trespass conviction was not colorable.[2] He also

---

[2]       Estling also asserts "the prosecution engaged in coercion" to induce the guilty plea. Estling did not raise this claim in superior court, therefore

cursorily asserts he "did not have competent representation." Further, Estling repeats his claims that he would not have pled guilty had he known his sentences would run consecutively—which was contrary to what plea counsel "told him"—and that he was "highly medicated" at the change of plea hearing.

**¶11**      Absent an abuse of discretion or error of law, this court will not disturb the trial court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012); *see State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988) ("A decision as to whether a petition for post-conviction relief presents a colorable claim is, to some extent, a discretionary decision for the trial court."). The petitioner bears the burden of establishing an abuse of discretion. *State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011).

**¶12**      A PCR petitioner is entitled to an evidentiary hearing if she presents a colorable claim. *D'Ambrosio*, 156 Ariz. at 73. A colorable claim requires factual allegations, which if true, probably would have changed the verdict or sentence. *State v. Amaral*, 239 Ariz. 217, 220 ¶ 11 (2016). "If the alleged facts would not have probably changed the verdict or sentence, then the claim is subject to summary dismissal." *Id*. Specifically regarding an IAC claim, a petitioner must show both that counsel's performance fell below objectively reasonable standards and that this deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Failure to satisfy either prong of the *Strickland* test is fatal to an IAC claim. *Id.; see State v. Nash*, 143 Ariz. 392, 397–98 (1985) (adopting the *Strickland* test).

**¶13**      Estling has not alleged facts giving rise to a colorable claim, and thus, he fails to establish an abuse of the superior court's discretion. Estling points to nothing factual in the record that supports his claims, and he did not include with his PCR petition an affidavit that provides facts outside the record. His conclusory and unsubstantiated factual assertions in the petition are insufficient to raise a colorable claim. *See* Ariz. R. Crim. P. 33.7(e) ("The defendant must attach to the petition any affidavits, records, or other evidence currently available to the defendant supporting the allegations in the petition."); *State v. McDaniel*, 136 Ariz. 188, 198 (1983) (claimant bears burden of establishing ineffective assistance of counsel and

we do not address it. *See* Ariz. R. Crim. P. 33.16 (c)(2)(B) ("petition . . . for review must contain . . . a statement of issues the trial court decided that the defendant is presenting for appellate review"); *State v. Swoopes*, 216 Ariz. 390, 403 ¶ 41 (App. 2007) (no review for fundamental error in a post-conviction relief proceeding).

"[p]roof of ineffectiveness must be a demonstrable reality rather than a matter of speculation"); *State v. Donald,* 198 Ariz. 406, 414 ¶ 21 (App. 2000) (to warrant evidentiary hearing, PCR claim "must consist of more than conclusory assertions").

**¶14**        Moreover, the record establishes that Estling's claims do not entitle him to relief. For example, at the change of plea hearing, Estling agreed that he entered the victim's residence to assault him. Thus, a sufficient factual basis supports his trespass conviction. *See* Ariz. Rev. Stat. § 13-1504(A)(1); *see also State v. Salinas*, 181 Ariz. 104, 106 (1994) ("A factual basis can be established by 'strong evidence' of guilt and does not require a finding of guilt beyond a reasonable doubt."). Estling also informed the court that no one made any promises to him outside of the plea agreement, thereby belying Estling's claim that counsel told him he would receive concurrent sentences. *See State v. Pritchett*, 27 Ariz. App. 701, 703 (1976) ("A defendant's mistaken subjective impressions gained from discussions with his lawyer, absent substantial objective evidence showing such impressions to be reasonably justified, do not constitute sufficient grounds upon which to set aside his guilty plea."). Finally, Estling informed the court he did not "[have] any drugs, alcohol or medication in the last 24 hours[.]" *See State v. Hamilton*, 142 Ariz. 91, 93 (1984) (statements to court at change of plea regarding voluntariness are normally binding on defendant). And to the extent Estling claims he was not competent to plead guilty due to his mental illness, the record fails to support such a claim.

## CONCLUSION

**¶15**        We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA