NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

SCOTT O'BRIAN SMITH, *Petitioner.*

No. 1 CA-CR 22-0124 PRPC
FILED 3-7-2023

Petition for Review from the Superior Court in Apache County
No. CR2020-560, CR2020-622
The Honorable Michael D. Latham, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Apache County Attorney's Office, St. Johns
By Michael B. Whiting
*Counsel for Respondent*

Scott O'Brian, Eloy
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Brian Y. Furuya joined.

---

**P E R K I N S**, Judge:

¶1      Scott O'Brian Smith asks this court to review the denial of his petition for post-conviction relief. We have considered his petition and, for the reasons stated, grant review and deny relief.

## FACTS AND PROCEDURAL BACKGROUND

¶2      Smith pled guilty to aggravated assault after a domestic violence incident involving his ex-wife. The superior court suspended his sentence, placing Smith on five years of probation. Within four weeks, the state filed a petition to revoke probation, alleging new charges also involving his ex-wife. The state later charged Smith with two counts of aggravated assault arising out of the second incident, as well as four other felony and misdemeanor offenses. Smith pled no contest to one count of aggravated assault. The superior court revoked Smith's probation and sentenced him to consecutive sentences totaling 10.5 years.

¶3      Smith timely filed a notice and petition for post-conviction relief. Finding no colorable claims, the superior court summarily denied the petition. This petition for review follows.

## DISCUSSION

¶4      Absent an abuse of discretion or error of law, this court will not disturb the superior court's ruling on a petition for post-conviction relief. *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007). Assault is "[i]ntentionally, knowingly, or recklessly causing any physical injury to another person; or [i]ntentionally placing another person in reasonable apprehension of imminent physical injury; or [k]nowingly touching another person with the intent to injure, insult, or provoke such person." A.R.S. § 13-1203(A). A person commits aggravated assault when he assaults a person and "uses a deadly weapon or dangerous instrument." A.R.S. § 13-1204(A)(2).

**¶5**         On review, Smith asserts that his no contest plea was involuntary due to a brain injury and not wearing his eyeglasses while signing the plea. He also asserts that he was not adequately informed of the rights he would be waiving. Claims regarding the voluntariness of a plea are meritless if the record shows the superior court questioned the defendant in accordance with *Boykin v. Alabama*, 395 U.S. 238 (1969), and the defendant's responses to those questions indicate the defendant entered the plea knowingly, voluntarily, and intelligently. *State v. Hamilton*, 142 Ariz. 91, 93 (1984).

**¶6**         Here, the court explained to Smith the rights he would give up by entering the plea agreement. The court then described the terms of the plea agreement. Both before and after signing the plea, Smith said he understood the terms of the agreement. The court found the plea to be knowingly, intelligently, and voluntarily made. *See* Ariz. R. Crim. P. 17.1(b). Nothing in the record supports Smith's claims that he was not competent or not properly informed about the plea before entering it. The superior court did not abuse its discretion by denying Smith's petition.

**¶7**         Next, Smith argues that there was not a sufficient factual basis to support his no contest plea. Smith points out that his ex-wife did not testify about the charges, Smith's ex-girlfriend witnessed the incident and testified that she did not feel threatened, and there was no preliminary hearing. The factual basis for a plea agreement may be ascertained from the extended record. *State v. Sodders*, 130 Ariz. 23, 25 (App. 1981). Only strong evidence needs to be established, not guilt beyond a reasonable doubt. *State v. Salinas*, 181 Ariz. 104, 106 (1994).

**¶8**         Here, there is strong evidence in the record to support an aggravated assault. Smith's ex-girlfriend testified that Smith approached his ex-wife with a piece of metal and his ex-wife called the police. Because strong evidence exists, Smith's ex-wife did not need to testify in front of the court about feeling threatened. The evidence shows Smith approached his ex-wife with a metal item and his ex-wife was alarmed enough to call the police. The ex-girlfriend's testimony that she did not feel threatened is irrelevant to the charge to which Smith pled no contest. As for the preliminary hearing, Smith explicitly waived his right to one prior to accepting the plea. Thus, Smith fails to raise a colorable claim.

**CONCLUSION**

¶9         We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:     AA